[No. 2927. Decided June 10, 1898.]

SPOKANE COUNTY, *Respondent,* v. DAVID S. PRESCOTT
*et al., Appellants.*

OFFICIAL BONDS — ACTION ON — STATUTE OF LIMITATIONS — LEAVE OF
COURT TO SUE.

Where the duties of a public officer are prescribed by statute,
and to secure their proper performance an official bond is given
by him, such bond creates no obligation in itself, but merely
operates as collateral security for the proper discharge of his
official duties; and an action on the bond on account of a breach
of official duty would not be an action on a written contract, and
would, consequently, be barred under the statutory limitation
of three years upon the commencement of actions "upon a con-
tract or liability, express or implied, which is not in writing, and
does not arise out of any written instrument."

The disability to begin action upon an official bond, imposed
by § 5686, Bal. Code, until leave of court shall be obtained there-
for, would not enlarge the statute of limitations, when the plain-
tiff had the option at any time to obtain leave of court to bring
its action, and the failure to obtain leave was due to its own de-
linquency.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge. Reversed.

*Graves, Wolf & Graves,* and *Danson & Huneke,* for ap-
pellants.

*John A. Pierce,* Prosecuting Attorney, *Harris Baldwin,*
and *F. M. Ellsworth,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Appellant Prescott was treasurer of Spo-
kane county from January 9, 1893, until January 14, 1895.
Prior to entering upon his official duties, he executed an
official bond, which was duly approved by the board of
county commissioners. On January 14, 1895, it was his

duty, as county treasurer, to pay to his successor in office the sum of $72,837.78. He paid to his successor only $19,631.65. There was due from him to the county at that date the sum of $53,206.13. The respondent filed its complaint on the 27th day of January, 1898, in the superior court, in substance stating the above facts, and on the same day obtained leave from the superior court to bring the suit. Appellants Prescott and his sureties on his official bond demurred to the complaint, stating as ground for the demurrer that the action was not commenced within the time limited by law. The demurrer was overruled, and appellants then answered, alleging that the cause of action accrued on January 14, 1895, and that the action was not commenced until January 27, 1898; that respondent did not apply to the court for leave to bring such action until January 27, 1898; and that it was within the statute of limitations. Respondent interposed a demurrer to the answer, which was sustained, and judgment was entered as prayed in the complaint. The appeal is from this judgment. The appellant Prescott appeared separately, and the sureties appeared together.

Counsel for respondent maintain that the limitation applicable to the action is found in subdivision 2, § 4798, Bal. Code (2 Hill's Code, § 113) as follows:

"Within six years: An action upon a contract in writing, or liability express or implied arising out of a written agreement."

Appellants contend that the limitation applicable to the action is found in § 4800, Bal. Code (2 Hill's Code, § 115), as follows:

"Within three years: . . . An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument."

The solution of this controversy requires an answer to two questions: First, Is the principal (the treasurer) sued upon a contract, and, if so, where is the contract found, and what is the evidence of it? Second, Upon what liability is the action maintained, and does it arise out of the official bond of the treasurer? Is it sufficient that the contractual relation between the parties may have had its origin in a written agreement, though the liability sought to be enforced arises from extraneous matters, or must the liability arise directly upon the written agreement?

In *Chipman v. Morrill*, 20 Cal. 137, Mr. Justice FIELD, discussing this question, says:

" The statute provides that ' an action founded upon any contract, obligation, or liability founded upon an instrument of writing,' except in certain designated cases, shall be commenced within four years, and an action upon a contract, obligation, or liability not thus founded, with certain exceptions, shall be commenced within two years. . . . The statute by the language in question refers to contracts, obligations, or liabilities resting in, or growing out of, written instruments, not remotely or ultimately, but immediately; that is, to such contracts, obligations, or liabilities as arise from instruments of writing executed by the parties who are sought to be charged in favor of those who seek to enforce the contracts, obligations, or liabilities. The construction would be the same if the word ' founded ' were omitted, and the statute read ' upon any contract, obligation, or liability upon an instrument of writing.' "

The statute of this state prescribes the duties of the county treasurer. The essence of this action is for the breach of those statutory duties imposed upon the treasurer. His duties under the statute were not contractual. Here, at any rate, is an express obligation imposed, and an express liability for the breach of the obligation. The bond set out in the complaint is the statutory bond which the treasurer is required to execute, together with his sureties. The condition recited in the bond is as follows:

" The condition of the above obligation is such that, whereas the above-bounden principal . . . was . . . elected to the office of treasurer of Spokane county: . . . Now, therefore, the condition of this obligation is such that if the said David S. Prescott shall well, truly and faithfully perform all official duties now required of him, and shall well, truly and faithfully execute and perform all the duties of such office of treasurer of Spokane county required by any law to be enacted subsequently to the execution of this bond, then this obligation is to be void and of no effect; otherwise, to remain in full force and virtue."

Manifestly, in conformity to well-recognized legal principles, no action can be maintained against the sureties unless the liability of the principal exists at the time of the commencement of the action. One of the duties of the treasurer required by the statute was the payment of the money in his possession belonging to the county to his successor in office. The liability arose when he neglected or refused to make such payment. Certainly, the cause of action accrued at that date. The undertaking of the sureties was collateral security for the performance of the duties of their principal. The bond itself is security that an officer will discharge his duties. His failure to discharge them is a breach of a statutory duty. The bond does not impose any obligation upon him different from that created by the statute. If he had executed no bond, but had assumed the functions of the office, and collected moneys, the duty would still be imposed upon him to pay them over to his successor. The bond is collateral security, as set forth in *Walton v. United States*, 9 Wheat. 656. *State v. Conway*, 18 Ohio, 235, was an action to have execution upon a judgment rendered against a former sheriff and the sureties upon his official bond, where the plea of the statute of limitations was interposed. The court observed:

" The actual cause of action is not the execution of the bond (that is more in the nature of a collateral security);

but the cause of action is the misfeasance—the false return. Without proof of the false return, there could be no recovery. The action is, in effect, although not so in form, an action against an officer for misfeasance in office. So far as actions of this character are concerned, the limitation acts upon the cause, not the form, of action. And the effect of the statute cannot be evaded by any change in the form of action."

The principle is reaffirmed and restated in *State v. Blake*, 2 Ohio St. 147. That was an action upon the official bond of the county auditor, and the cause of action was losses to the county in a large amount by reason of a dereliction of duty on the part of the officer. The supreme court of Kansas, in *Ryus v. Gruble*, 31 Kan. 767 (3 Pac. 518), in an action upon a sheriff's bond to recover damages for the levy of a void execution, said:

"As before stated, the wrongs committed by the defendant are the real and substantial foundation for the plaintiff's cause of action, and the sheriff's bond is virtually only a collateral security for the enforcement of such cause of action. The bond does not give the cause of action; the wrongs or delicts do; and the bond simply furnishes security to indemnify the persons who suffer by reason of such wrongs or delicts. . . . Whenever a cause of action is barred by any statute of limitations, the right to maintain an action therefor upon a bond which simply operates as a security for the same thing must necessarily cease to exist. When the principal debt or cause of action fails, the security must also fail."

These conclusions are also affirmed in the same court in *Provident Loan & Trust Co. v. Walcott*, 5 Kan. App. 473 (47 Pac. 9), and the principle stated in *Davis v. Clark* (Kan. Sup.), 49 Pac. 667; *Commissioners v. Van Slyck*, 52 Kan. 622 (35 Pac. 299); *Mount v. Lakeman*, 21 Ohio St. 643; *State v. Kelly*, 32 Ohio St. 430; *Dawes v. Shed*, 15 Mass. 6 (8 Am. Dec. 80); *Allen v. State*, 6 Kan. App.

915 (51 Pac. 572); *Ware v. State,* 74 Ind. 181; *Whitney
v. Gammon,* 103 Iowa, 363 (72 N. W. 552). If the bond
be merely collateral security for the performance of the
principal contract, and is not itself the original contract,
then the question here in controversy is illustrated by re-
ference to the rules controlling principal and suretyship.
In states where a mortgage conveys the fee to the mort-
gagee, an action upon the mortgage is not barred, though
the debt may be; but whereas in this state the mortgage
creates a lien only, and is an incident to, and collateral se-
curity for, the debt, when the principal (the debt) is barred,
no action can be maintained upon the mortgage itself (the
collateral security for the debt). 2 Jones, Mortgages (5th
ed.) § 1207; *Van Eaton v. Napier,* 63 Miss. 222.

But counsel for respondent propound the question:
" Could this action exist if the bond did not also exist? "
Certainly not against the sureties; but, as we have seen,
their undertaking is collateral security for the obligation
imposed upon their principal. The bond here, as has been
observed, is the statutory one. There are no voluntary or
special covenants contained in it. It is an agreement that
the principal will perform his statutory duties; nothing
more. The case of *Kenton County v. Lowe,* 91 Ky. 367
(16 S. W. 82), in the court of appeals of the state of Ken-
tucky, was an action brought against a sheriff as principal
and his sureties to recover money collected by the sheriff
as tax collector, and by him withheld. The Kentucky
statute required the sheriff to execute with sureties an
official bond to faithfully discharge the duties of his office,
and to pay over to such persons and at such times as they
might be respectively entitled to the same all moneys that
might come into his hands as sheriff. He was further
required to give a special bond before proceeding to collect
certain taxes. He failed to execute the special bond, but,

nevertheless, collected taxes, and failed to account. The statute further made the sureties on his general official bond liable for moneys for which he failed to account. There seems to have been a special covenant here to pay the taxes; that is, the sheriff did not give the special statutory bond before collecting the taxes, but himself and sureties were liable upon his general bond as a voluntary bond at common law by virtue of the special covenant to pay over all moneys that might come to the principal's hands in his official capacity. However, the case does not fully discuss or state the reasoning by which the court reached its conclusion. Counsel for respondent also cite *State v. Murphy* (Nev.) 48 Pac. 628. The action there was upon a bail bond, but the Nevada court distinguishes the case from those of *Ryus v. Gruble, supra,* and other cases of the same character, and approves them. The distinction can readily be perceived between an official bond with surety for the discharge of statutory duties and a voluntary bond executed in consideration of an appeal or in consideration of bail. In the former case the obligation arises upon the duties imposed by the statute; in the latter there is no obligation other than that created by the bond itself.

Another contention is made by respondent that it was under disability until authority was procured from the superior court to commence this action. But we do not think the statute of limitations was enlarged by the failure of respondent to obtain leave of court, under § 5686, Bal. Code (2 Hill's Code, § 696), which requires leave from the court where the action is commenced. There are some authorities cited by respondent which sustain this contention, but some of the cases, notably those in 16 and 24 Minn. (*Wood v. Myrick,* 16 Minn. 494; *Lanier v. Irvine,* 24 Minn. 116), seem to have been overruled by that court

in *Litchfield v. McDonald*, 35 Minn. 167 (28 N. W. 191).
*Baker v. Johnson County*, 33 Iowa, 151; *Palmer v.
Palmer*, 36 Mich. 489 (24 Am. Rep. 605). The weight
of authority and reason seems to be that when the respond-
ent had the option at any time to obtain leave of court to
bring its action, and did not ask for such leave, it cannot
enlarge the statute of limitations by its own delinquency.

The contention of appellants that § 5686, Bal. Code,
*supra*, is repealed by subsequent legislation, is not decided
here. Upon the record here, the judgment of the superior
court is reversed, and the cause remanded for further pro-
ceedings in conformity to this opinion.

SCOTT, C. J., and ANDERS, GORDON and DUNBAR, JJ.,
concur.