[No. 4070. Decided December 10, 1901.]

JOSEPH DICKMAN, *Appellant,* v. PAUL STROBACH, *Defendant;* D. M. DRUMHELLER *et al., Respondents.*

ACTION ON GUARDIAN'S BOND — LIMITATIONS.

A bond given by a guardian conditioned to account for the proceeds of sale of his ward's real estate, under Bal. Code, § 6427, prescribing the statutory duties of guardians of insane persons, is not an obligation in itself, but merely operates as collateral security for the proper discharge of the duties imposed on him by statute; and an action for the breach of such duties would be governed by the statute of limitations barring the commencement of actions "upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument."

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*Robertson, Miller & Rosenhaupt,* for appellant.

*Graves & Graves,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—On the 12th day of May, 1888, appellant was adjudged to be insane by the probate court of Spokane county, and the defendant, Paul Strobach, was appointed guardian of his person and estate, and duly qualified. The appellant, at the time, was the owner of certain real estate in the city of Spokane. On the 15th day of June, 1889, on the hearing of the application of said guardian, the real estate was ordered sold, and the proceeds invested for the benefit of appellant. The order of sale was conditioned that the said guardian enter into a good and sufficient bond, with good and sufficient sureties, in the sum of $2,000, conditioned to faithfully execute his trust and sell said real property as required by law; and, there-

after, on the 21st day of June, 1889, a bond in the sum of $2,000 was executed by the said guardian, as principal, and the respondents Drumheller and Cowley, as sureties, conditioned as required by law, which bond was approved by the probate court, filed in said court, and recorded as required by law. On the 26th day of July, the property was sold by the guardian for $1,850, and no account of the proceeds was ever made by him. Afterwards, upon a petition setting up this fact, it was found that the guardian had in his possession the sum of $1,106.14, which, with the compound interest thereon, amounted to the sum of $2,395.99. On the 24th day of September, 1897, an order was made by the superior court of Spokane county, directing the defendant Paul Strobach to pay the plaintiff the amount which was found due him. This action was begun on the 12th day of December, 1900, against the guardian and sureties, upon the bond executed by him for the sale of said real estate. The guardian defaulted, and respondents demurred to the amended complaint on the ground that the plaintiff had no legal capacity to sue, that the complaint did not state facts sufficient to constitute a cause of action, and that the action was not commenced within the time limited by law, which demurrer was sustained by the court. Appellant electing to stand upon his pleadings, judgment of dismissal was entered, and appeal followed.

The question involved in this case is whether or not this case is controlled by the statute of limitations limiting to six years an action upon a contract in writing or liability, express or implied, arising out of a written agreement (§ 4798, Bal. Code), or § 4800, limiting to three years an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument. It was decided by this court in

*Spokane County v. Prescott,* 19 Wash. 418 (53 Pac. 661, 67 Am. St. Rep. 733), that where the duties of an officer are prescribed by statute, and to secure their proper performance, an official bond is given by him, such bond creates no obligation in itself, but merely operates as collateral security for the proper discharge of his official duties; and that an action on the bond on account of a breach of official duty would not be an action on a written contract and would, consequently, be barred under the statutory limitation of three years, upon the commencement of actions upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument. That action was upon the bond of the treasurer of Spokane county. But it is insisted by appellant that the case of *Spokane County v. Prescott, supra,* is not controlling in the case at bar; that the bond in question here is not the bond which the guardian is required to give when his appointment is made, but a bond for the sale of real estate; that it was not a bond which he was required to give, or that his sureties were compelled to sign, and was not a bond for the performance of any collateral duty by the guardian, but a bond to account for the proceeds of the sale of real estate; that it is in no sense an official bond, but a mere voluntary obligation. We do not think this distinction can be maintained. It was said in *Spokane County v. Prescott*:

"The statute of this state prescribes the duties of the county treasurer. The essence of this action is for the breach of those statutory duties imposed upon the treasurer. His duties under the statute were not contractual. Here, at any rate, is an express obligation imposed, and an express liability for the breach of the obligation."

The same may be said of the case at bar. Section 6427, Bal. Code, provides that the guardian shall manage and

administer the effects of the insane person to the best ad-
vantage according to the law, and that he will faithfully
discharge all duties as such guardian which may by law
or by the order, sentence or decree of any court of com-
petent jurisdiction devolve upon him. The duty in this
instance devolved upon him to sell the real estate of the
insane person under the order of the court, and it will not
be said that the court making the order was not a court
of competent jurisdiction, and had not jurisdiction of the
subject matter of the order. It is true that the bond
under discussion was not the original bond given by the
guardian, but it was a bond given by order of the court.
The guardian obeyed the order of the court in this re-
spect, as he was bound to do under the general provisions
of the law, or be removed from his office. True, it was
not a bond that the sureties were compelled to sign, but
sureties are not compelled to sign any bond. It was, how-
ever, a bond for the performance of a collateral duty.
The collateral duty was the sale of the land which was
found by the court to be necessary for the benefit of the
estate. Guardians, before entering upon their duties un-
der the law, are compelled to enter into a bond with the
state of Washington in such sum and with such security
as the court shall approve, conditioned that they will take
proper care of such insane person, and manage and ad-
minister his effects to the best advantage according to
law. It would not do to say that the court upon a con-
tingency arising could not compel a guardian to give an
additional bond. Outside of the inherent power that pro-
bate courts have over estates of deceased persons, minors
and the insane, which powers are treated of in chapter 16,
title "Of the Subject Matter Within the Jurisdiction of
Probate Courts," American Law of Administration, by
Woerner, where it is held that logically the jurisdiction

36—26 WASH.

of probate courts extended to all matters necessarily involved in the disposition of the estates,—ample authority is given by statute to enforce any orders for the protection and best interests of the estate. It might as well be said that, if an additional estate were discovered, and the statute makes it the duty in such case for the guardian to report an additional inventory, no power would exist in the court to demand an additional bond of the guardian. And if the court has the power to order an additional bond, the power or authority is the authority of the law, and the obligation is not voluntary but is an obligation imposed by law. Therefore the foundation of the action is not a violation of the terms of a voluntary contract, but is the wrongs committed by the guardian in the violation of his official duties; and the bond is simply a collateral security for the enforcement of the trust. Indeed, if there was no legal compulsion, the bond which was actually given was given, not with regard to any contractual relation existing between the parties,—for there was no contractual relation existing between the sureties and the state of Washington, the pledgee of the bond,—but, as is recognized by its terms, it is given as security for the faithful performance of the official duties of the guardian. The order of the court was that the bond should be conditioned to faithfully execute his trust as required by law, and the condition of the bond was to the same effect,—that he should make due and proper return and account of the funds realized from the sale of the estate. So that the holding in the *Prescott Case* that, where there is no obligation other than that arising from the bond, and where the obligation does not exist independently of the bond, the bond is but collateral security for its performance and the cause of action arises from the extrinsic obligation, is pertinent to the state of facts here;

for certainly the obligation sued upon in this case does not exist independent of the bond, but is an obligation created solely by the bond, and one which relates exclusively to the official duties of the guardian in his relations to the law. We think the case cannot in any manner be distinguished from the *Prescott Case,* and the demurrer was, therefore, properly sustained.

With this view of the case it is not necessary to enter into a discussion of the other points involved. The judgment will be affirmed.

REAVIS, C. J., and HADLEY, FULLERTON, ANDERS, WHITE and MOUNT, JJ., concur.