[No. 6736.  Decided June 15, 1907.]

JOHNSON SERVICE COMPANY, *Appellant*, v. AETNA INDEMNITY COMPANY, *Respondent*.[1]

LIMITATION OF ACTIONS—STATUTORY BOND. An action upon a statutory bond given to a school district to guarantee a building contract is barred where the same was not commenced within three years from the time that the debt was contracted and the statute had run against such debt.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 23, 1906, upon sustaining a demurrer to the complaint, dismissing an action on a statutory bond. Affirmed.

[1]Reported in 90 Pac. 590.

*George A. Hawley*, for appellant.

*Shank & Smith*, for respondent.

PER CURIAM.—This is the third appeal in this case, it having been fully reported in *Crane Co. v. Pacific Heat & Power Co.*, 36 Wash. 95, 78 Pac. 460, and *Crane Co. v. Aetna Indemnity Co.*, 43 Wash. 516, 86 Pac. 849. It is not necessary to restate the case in full. It is sufficient for the purposes of this decision to say that this action was brought upon a statutory bond given by the respondent to the Seattle School District, as provided by Pierce's Code, § 6121 (Bal. Code, § 5925). The respondent interposed a demurrer to the complaint, upon the grounds that it did not state facts sufficient to constitute a cause of action, and that the statute of limitations had run against the action. This demurrer was sustained by the court.

We think that every question presented in this case has been decided in the two decisions above referred to contrary to the appellant's contention. But, in any event, this is an action upon a statutory bond. The debt was contracted March 20, 1903, and suit begun May 7, 1906. So that, under the rule announced by this court in *Spokane County v. Prescott*, 19 Wash. 418, 53 Pac. 661, 67 Am. St. 733, and *Dickman v. Strobach*, 26 Wash. 558, 67 Pac. 224, the statute of limitations had run and the claim was barred.

The court did not err in sustaining the demurrer to the complaint, and the judgment will be affirmed.