[No. 11877.  Department One.  August 11, 1914.]

JOE KEPL *et al.*, *Appellants*, v. FIDELITY & DEPOSIT
COMPANY OF MARYLAND, *Respondent*.[1]

LIMITATION OF ACTIONS—STATUTORY BOND. An action on a bond
given to the state by a contractor, as required by Rem. & Bal. Code,
§ 1159, when work is contracted to be done for the state, county,
municipality or other public body, is barred by the statute of limi-
tations, where more than three years elapsed between the accrual
of the action and the filing of the complaint.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered December 9, 1913, dismissing
an action on contract, after a trial on the merits to the court.
Affirmed.

*Frederick W. Dewart*, for appellants.

*Danson, Williams & Danson* (*George D. Lantz*, of coun-
sel), for respondent.

MAIN, J.—The purpose of this action was to recover on
a surety bond for supplies furnished a subcontractor.

During the month of June, 1910, Ilse & Elliott, a copart-
nership, entered into a contract with the state of Washing-
ton for the construction of a road, in Spokane county.  They
gave a bond to the state, with the defendant, the Fidelity &
Deposit Company of Maryland, as surety.  This bond was
conditioned that the copartnership would fully perform the
contract and pay all laborers, mechanics, subcontractors, and
materialmen, and all other persons who should supply such
laborers, mechanics, or subcontractors with materials, sup-
plies or provisions for carrying on such work, and all just
debts incurred in the performance of the work.  The plaintiff
and others, whose claims had been assigned, furnished pro-
visions and supplies to one Starling, a subcontractor, for
which payment had not been made.  In March, 1912, the

[1]Reported in 142 Pac. 489.

contract was discontinued and a settlement had between the state and the copartnership. Within thirty days thereafter, each of the creditors whose claim is involved in this action gave due notice to the state, as required by the statute, of the claim under the bond. Subsequently the present action was instituted against the surety company, only. More than three years had elapsed after the cause of action accrued and the complaint was filed. The cause was tried by the court, and a judgment of dismissal entered on the ground that the three-year statute of limitations governed, and more than three years having elapsed between the time when the cause of action accrued and the suit was instituted, it could not be maintained.

The bond in question was the statutory bond required by Rem. & Bal. Code, § 1159 (P. C. 309 § 93), when work is contracted to be done for the state, county, municipality, or other public body. The question here presented was decided adversely to the contention of the appellants in *Johnson Service Co. v. Aetna Indemnity Co.*, 46 Wash. 434, 90 Pac. 590. The appellants, however, claim that the decision of this question was not necessary to a determination of that case, and would, therefore, not be controlling. In this we cannot concur. The record in that case shows that one of the grounds upon which the demurrer to the complaint was based was the statute of limitations. The question was in the case. What was said thereon in the opinion was not, therefore, dictum. That case would necessarily be overruled by a reversal of the present case.

The judgment will be affirmed.

CROW, C. J., GOSE, ELLIS, and CHADWICK, JJ., concur.