[No. 29978.   Department One.   September 27, 1946.]

PIERCE COUNTY, *Appellant,* v. PAUL NEWMAN *et al.,*
*Respondents.*[1]

*Thor C. Tollefson, Theo. L. DeBord,* and *Hardyn B. Soule,*
for appellant.

*Bertil E. Johnson,* for respondents.

[1]Reported in 173 P. (2d) 127.

MILLARD, J.—This action was instituted by Pierce county against a former treasurer of that county and his surety to recover on two causes of action: First, defendant treasurer, during the period January 10, 1939, to December 31, 1942, received and collected certain delinquent taxes on the tax rolls of plaintiff county on both real and personal property but failed to charge, receive, or collect, as required by statute, interest or penalties on such delinquent taxes, which interest and penalties were unlawfully misappropriated by defendant county treasurer to the benefit of the respective delinquent taxpayers in the amount of $15,268.41; second, defendant county treasurer refused and neglected to collect for the period January 10, 1939, to December 31, 1942, taxes levied and assessed on certain personal property in Pierce county and failed to file the delinquent lists and affidavits of uncollected taxes in the amount of $69,129.86.

The appeal is from the judgment of dismissal rendered upon the plaintiff's refusal to plead further after a demurrer had been sustained to both causes of action, on the ground that same had not been commenced within the time limited by statute.

The allegations of fact admitted by the demurrer to be true are as follows: Respondent Newman assumed the duties of a county treasurer for Pierce county January 10, 1939, after having filed his official bond. During his term of office, which expired December 31, 1942, the board of county commissioners for Pierce county levied certain taxes against real and personal property in Pierce county. The county assessor prepared and extended the tax rolls and delivered same to the county auditor who, as required by statute, checked and certified the tax rolls and delivered same to respondent Newman with his warrant attached thereto authorizing the collection of taxes. During the period January 10, 1939, to and including December 31, 1942, respondent treasurer collected real and personal property taxes on property located in the county but did not collect, as required by statute, the interest and penalties on a portion of the real and personal property delinquent taxes in the amount stated above. During the same period

of time, respondent treasurer refused and neglected to collect taxes levied and assessed against certain personal property in Pierce county and failed to file the delinquent lists and affidavits of uncollected taxes on such personal property.

The complaint was filed May 16, 1945, two years, four and one-half months after the date of expiration of respondent's term of office. The statute of limitations commenced to run against an action on the official bond of respondent treasurer at the end of the term of office in which the cause of action arose.

Counsel for respondents contends that, as the action was not commenced until more than two years after the expiration of the county treasurer's term of office, it is barred by the statute (Rem. Rev. Stat., § 165 [P.P.C. § 73-23]) which provides that

"An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

It is respondents' position that the gravamen of this action is the failure and negligence of respondent treasurer to perform the duties required of him by statute, hence the action is not upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument, but is an action sounding in tort, therefore governed by the two-year statute of limitations (Rem. Rev. Stat., § 165).

In *Noble v. Martin,* 191 Wash. 39, 70 P. (2d) 1064, upon which respondents rely, we held that an action to enforce the individual liability of officers of an insolvent bank who knowingly accepted deposits after insolvency was not an action upon a contract in writing or liability, express or implied, arising out of a written instrument, therefore, the action was subject to the two-year limitation provided by Rem. Rev. Stat., § 165.

To the same effect are the following cases also cited by respondents: *Northern Grain and Warehouse Co. v. Holst,* 95 Wash. 312, 163 Pac. 775; *Constable v. Duke,* 144 Wash.

263, 257 Pac. 637; and *Oregon Washington R. & N. Co. v. Seattle Grain Co.,* 106 Wash. 1, 178 Pac. 648, 185 Pac. 583. The cases cited by respondents were instituted by individuals or corporations to recover for damages resulting from the defendant's breach of official duty and were treated as actions sounding in tort, hence, they were within the two-year limitation of Rem. Rev. Stat., § 165.

Appellant contends that this is an action upon an express liability, and that the limitation applicable to the action is found in Rem. Rev. Stat. (Sup.), § 159 [P.P.C. § 73-11] (3), which reads as follows:

"Within three years . . . an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument; . . ."

■ Upon the broad ground of public policy, persons charged with handling public funds should be held to strict accountability for such funds irrespective of the cause of their loss, hence it is unimportant that respondent treasurer is not charged with personal conversion of the funds lost by the county.

■ The statute (Rem. Rev. Stat. (Sup.), §§ 11243, 11244, 11247, and Rem. Rev. Stat., §§ 11255, 11256 [P.P.C. §§ 979-525, -495, -219, -235, -237]) prescribes the duties of the county treasurer. One of those duties is to collect all taxes on real and personal property. The treasurer has no authority to compromise or cancel the interest and penalties required of a delinquent taxpayer. If the county treasurer refuses or neglects to collect any taxes assessed upon personal property where same is collectible, or to file, as required by the statute, the delinquent list and affidavit with the auditor when unable to collect personalty taxes, the treasurer shall be liable for the whole amount of such taxes uncollected.

The essence of this action is for the breach of statutory duties imposed upon the treasurer. An express obligation was imposed upon him by the statute, which statute expressly provides that the treasurer shall be liable for breach of the statutory obligation.

In *Spokane County v. Prescott,* 19 Wash. 418, 53 Pac. 661, 67 Am. St. 733, an action was instituted to recover on the official bond of defendant whose term of office as county treasurer expired three years and thirteen days prior to the commencement of the action. The demurrer to the complaint on the ground that the action was not commenced within the time limited by law, was overruled, whereupon defendant answered, alleging that the cause of action accrued January 14, 1895, when his term of office expired, and that the action was not commenced until January 27, 1898, three years and thirteen days after the cause of action accrued. The county's demurrer to the answer was sustained, and an appeal was prosecuted from a judgment in its favor. Respondent county insisted that the six-year statute of limitations was applicable, while appellant treasurer contended that the action was barred by the three-year statute.

We held that the essence of the action was for the breach of the statutory duties imposed upon the treasurer; that his duties under the statute were not contractual, which is in accord with the well-settled principle that the relationship between a public official and the sovereign which he serves is not controlled by the law of contracts. In the course of our opinion, we said:

"Here, at any rate, is an express obligation imposed, and an express liability for the breach of the obligation."

While we did not expressly state, in reversing the judgment, that the action was barred by the three-year statute, we clearly stated in a later opinion that that was what we held.

In *Dickman v. Strobach,* 26 Wash. 558, 67 Pac. 224, we stated it was decided in *Spokane County v. Prescott,* 19 Wash. 418, 53 Pac. 661, that where the duties of an officer are prescribed by statute, and to secure their proper performance, an official bond is given by him, such bond creates no obligation in itself, but merely operates as collateral security for the proper discharge of his official duties; and that an action on the bond on account of a breach of official

duty would not be an action on a written contract and would, consequently, be barred under the statutory limitation of three years within which to commence an action upon a liability, express or implied, which is not in writing, and does not arise out of any written instrument. Rem. Rev. Stat. (Sup.), § 159 (3). See, also, *Skagit County v. American Bonding Co.*, 59 Wash. 1, 109 Pac. 197.

In *Hillyard ex rel. Tanner v. Carabin,* 96 Wash. 366, 165 Pac. 381, the city sought recovery from a former city treasurer, Carabin, and the surety on his official bond, moneys lost by the city by reason of alleged fraudulent acts of the former city treasurer. From judgment in favor of the city, defendant appealed. In that case, it was argued that, since the action was in fraud, the statute of limitations did not commence to run until the fraud was discovered. We stated that, while the action was one against a bond, it was not an action on a written contract, as the basis of the action was the wrongful and illegal act of the principal, upon which the liability of the surety was dependent. Appellant, treasurer, urged that the action was within the statutory provision that actions on unwritten contracts must be brought within three years. We said that that theory would seem to be well founded, unless the city's contention (that, since the action for relief was on the ground of fraud, the statute did not commence to run until discovery of the fraud) was meritorious.

An action by the sovereign against a public officer and the sureties on his official bond to recover for loss of funds occasioned by the refusal or neglect of such public officer to collect certain taxes and interest and penalties thereon, a duty imposed upon him by statute, is an action upon a liability created by statute and is governed by the statutory provision (Rem. Rev. Stat. (Sup.), § 159 (3)) limiting the time to three years in which to commence an action upon contracts or liabilities not founded upon instruments in writing.

The foregoing rule is not applicable to actions on the bond of one who is not a state or public officer in the usual sense. The cases cited by respondents are within this exception;

they were treated as actions sounding in tort and were within the two-year limitation of Rem. Rev. Stat., § 165.

The judgment is reversed, and the cause remanded with direction to the trial court to overrule the demurrer.

BEALS, C. J., ROBINSON, JEFFERS, and SCHWELLENBACH, JJ., concur.

December 9, 1946. Petition for rehearing denied.