[No. 57238-1.   En Banc.   October 3, 1991.]

INDUSTRIAL COATINGS COMPANY, *Appellant*, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, *Respondent.*

*William D. Cameron*, for appellant.

*Jeff Yusen, Yusen & Friedrich,* and *Bryan E. Lee,* for respondent.

DURHAM, J. — Industrial Coatings Company (Industrial Coatings), a supplier of materials to a public contractor, brought an action against its surety, Fidelity and Deposit

Company of Maryland (Fidelity), to recover on a statutory bond. After concluding that a 3-year statute of limitation applied, the trial court granted Fidelity's motion for summary judgment, dismissed the claim as time barred, and awarded attorney fees pursuant to RCW 4.84.270. We reverse.

The pertinent facts are not in dispute. On July 16, 1986, Auburn School District 408 awarded a public works contract to Queen City Industries, Inc. (Queen City) to resurface floors in the Auburn High School. On July 29, Queen City obtained a $13,727.88 surety bond under which Fidelity guaranteed Queen City's performance of all provisions of the contract and its obligation to "pay all laborers, mechanics and subcontractors and materialmen" used in the project. The bond states that it was "executed in pursuance of Chapter 39.08. Revised Code of Washington", which governs public contractor's bonds.

After obtaining the bond, Queen City purchased materials from Industrial Coatings. The school district refused to accept or pay for the work done using the purchased materials, and Queen City refused to pay Industrial Coatings. In a letter dated October 29, 1986, Industrial Coatings notified the school district that Industrial Coatings had a $6,104.80 claim "against the bond, if any, taken from Queen City Industries and its sureties for the work of resurfacing exposed aggregate floors".

In January 1987, Industrial Coatings filed suit against Queen City to recover on its materials contract. The matter went to arbitration and Industrial Coatings was awarded $6,104.80 plus interest, statutory attorney fees, and costs. An order confirming the arbitration award and judgment was entered in King County on March 5, 1990 for a total judgment of $15,079.42. Unable to collect from Queen City, Industrial Coatings filed suit against Fidelity for the amount of the judgment the day the order was entered.

Fidelity brought a summary judgment motion to dismiss the claim as time barred contending that the action was subject to a 3-year statute of limitation, which had begun to run as of October 29, 1986. In its memorandum in support of the motion, Fidelity asked for "an award of reasonable and/or statutory attorneys' fees". On May 10, 1990, the trial court orally granted Fidelity's motion.

Before judgment was entered, Industrial Coatings moved for reconsideration. At that same time, Fidelity filed a cost bill seeking $1,530 in reasonable attorney fees under RCW 4.84.250, .270.[1] Industrial Coatings filed an objection to the award of attorney fees contending that Fidelity was barred from recovering such fees because proper notice had not been given that Fidelity intended to claim fees under RCW 4.84.250; Fidelity did not meet the statutory requirement that the amount pleaded by the prevailing party must be $10,000 or less; and the amount pleaded by Industrial Coatings was more than the statutory maximum allowed. Industrial Coatings also objected to the requested fees as excessive.

On May 25, the trial court denied Industrial Coatings' motion for reconsideration, entered judgment on its oral decision dismissing the claim, and awarded attorney fees of $1,000 to Fidelity under RCW 4.84.270. Industrial Coatings appealed and this court accepted direct review.

STATUTE OF LIMITATION

The bond at issue in this case was executed pursuant to RCW 39.08.010, which provides, in part:

> Whenever . . . any public body shall contract with any person or corporation to do any work for the state, county, or municipality, or other public body, city, town, or district, such [public] body shall require the person or persons with whom such contract is made to make, execute, and deliver to such [public] body a good and sufficient bond, with a surety company as surety, conditioned that such person or persons shall faithfully *perform all the provisions of such contract and pay*

---

[1]This amount was later raised to $1,680 to reflect fees incurred in responding to Industrial Coatings' motion for reconsideration.

*all laborers, mechanics, and subcontractors and materialmen,* and all persons who supply such person or persons, or subcontractors, with provisions and supplies for the carrying on of such work, . . . and any person or persons performing such services or furnishing material to any subcontractor shall have the same right under the provisions of such bond as if such work, services or material was furnished to the original contractor[.]

(Italics ours.) RCW 39.08.015 provides:

If any board of county commissioners of any county, or mayor and common council of any incorporated city or town, or tribunal transacting the business of any municipal corporation shall fail to take such bond as herein required, such county, incorporated city or town, or other municipal corporation, shall be liable to the persons mentioned in RCW 39.08.010, to the full extent and for the full amount of all such debts so contracted by such contractor.

RCW 39.08.030 provides, in part:

[A]ll such persons mentioned in RCW 39.08.010 shall have a right of action in his, her, or their own name or names on such bond for work done by such laborers or mechanics, and for materials furnished or provisions and goods supplied and furnished in the prosecution of such work, or the making of such improvements . . .

Industrial Coatings contends that its claim against the bond is an action upon "a contract in writing, or liability express or implied arising out of a written instrument", subject to a 6-year statute of limitation. RCW 4.16.040(1).[2] Fidelity argues that this is an action "upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument", subject to a 3-year statute of limitation. RCW 4.16.080(3).

The trial court relied on three early era public contractor bond cases, *Johnson Serv. Co. v. Aetna Indem. Co.*, 46 Wash. 434, 90 P. 590 (1907); *Kepl v. Fidelity & Deposit Co.*, 81 Wash. 135, 142 P. 489 (1914); and *Marshall-Wells Hardware Co. v. Title Guar. & Sur. Co.*, 89 Wash. 404, 154 P. 801

---

[2]In the alternative, Industrial Coatings argues that this action is based upon a contract for a sale of goods and is subject to a 4-year statute of limitation under the Uniform Commercial Code. RCW 62A.2-725(1). This action was timely filed under either the 4- or 6-year limitation.

(1916), in ruling that all claims under RCW 39.08 are for statutory liabilities governed by the 3-year statute of limitation imposed by RCW 4.16.080(3). Industrial Coatings argues that these cases should not control because they each rely on *Spokane Cy. v. Prescott*, 19 Wash. 418, 53 P. 661 (1898), which Industrial Coatings claims has been overruled *sub silentio* by *Lybecker v. United Pac. Ins. Co.*, 67 Wn.2d 11, 406 P.2d 945 (1965).[3] In *Lybecker*, this court held that a 6-year statute of limitation applied to an action on a statutory bond executed as a condition precedent to acquiring an agricultural merchant license.

We begin our analysis with a chronological review of these cases. The defendant in *Prescott* was the Spokane County treasurer. He was required by statute to faithfully perform his duties, which included delivering the funds in the county treasury to his successor. He obtained an official statutory bond to secure the performance of his monetary obligations. When he failed to deliver all the county funds to his successor, the County sued both Prescott and the sureties on the statutory bond. *Prescott*, at 418-20.

The County argued that the bond was a written contract governed by the 6-year statute of limitation. Prescott contended that the action did not arise out of a written instrument and, therefore, a 3-year statute of limitation applied. *Prescott*, at 419. This court held that the bond created no obligation in itself, but operated as collateral security for the performance of the treasurer's statutory duties. *Prescott*, at 423. In reaching this conclusion, the court made a distinction between actions where the liability arises directly out of a written agreement and those where it does not. *Prescott*, at 423. The court found that "[t]he essence of [the] action is for the breach of those statutory duties imposed upon the treasurer." *Prescott*, at 420. Thus, while the court agreed that the bond was a written contract, it

---

[3]Industrial Coatings did not argue to the trial court in either its initial briefing or its motion for reconsideration that *Lybecker* overruled the earlier cases.

held that the liability essentially arose from the breach of statutory duties. *Prescott*, at 420.

The first of the public contractor bond cases to follow *Prescott* was *Johnson*. There, a plaintiff who supplied materials to a contractor brought an action on the contractor's statutory bond to recover value for materials furnished. (Facts are set out in *Crane Co. v. Aetna Indem. Co.*, 43 Wash. 516, 86 P. 849 (1906).) The defendant contended that the claim was time barred. The court's entire analysis on this issue is as follows:

> It is sufficient for the purposes of this decision to say that this action was brought upon a statutory bond given by the respondent to the Seattle School District, as provided by Pierce's Code, § 6121 (Bal. Code, § 5925). . . .
> . . . [T]his is an action upon a statutory bond. The debt was contracted March 20, 1903, and suit begun May 7, 1906. So that, under the rule announced by the court in *Spokane County v. Prescott*, 19 Wash. 418, 53 Pac. 661, 67 Am. St. 733, and *Dickman v. Strobach*, 26 Wash. 558, 67 Pac. 224,[4] the statute of limitations has run and the claim was barred.

*Johnson*, 46 Wash. at 435. *Johnson* concluded that *Prescott* was directly on point, and, therefore, controlling. However, the *Johnson* court failed to address the underlying duty and liability analysis of *Prescott*. If the breach arose from a "debt contracted", rather than a statutory duty, *Prescott* is distinguishable.

The next two public contractor bond cases, *Kepl* and *Marshall-Wells*, are also grounded on a misapplication of *Prescott*. In both, the public contractor would have been obligated by either oral or written contracts to pay its suppliers and subcontractors, regardless of the statutory bond requirement. However, the statute of limitation issue was decided without applying the underlying duty and liability analysis of *Prescott*; the sole factor relied on was that the actions were brought on statutory bonds. In *Kepl*, the

---

[4]*Dickman v. Strobach*, 26 Wash. 558, 67 P. 224 (1901) was an action on a guardian's statutory bond. The court followed *Prescott* and concluded that the 3-year statute of limitation applied because the obligations secured by the bond were imposed by statute.

court simply found that *Johnson* was controlling and dismissed the claim as time barred under the 3-year statute of limitation. *Kepl,* 81 Wash. at 136. In *Marshall-Wells,* plaintiff conceded that the action was barred by the 3-year statute of limitation unless the operation of the statute had been suspended. *Marshall-Wells,* 89 Wash. at 405.

In contrast in *Lybecker,* the case relied upon here by Industrial Coatings, this court did analyze the basis of the underlying liability. *Lybecker* involved an action on a statutory bond executed as a condition precedent to acquiring an agricultural merchant license. McDonnell Seed Company was licensed under state law as a "Commission Merchant and Credit Buyer" of agricultural products. The statute required that the bond:

> shall be conditioned for faithful and correct accounting for, and handling of, agricultural products received, provide for the payment to the consignor or vendor of all money or things of value received for goods consigned.

*Lybecker,* 67 Wn.2d at 12 (quoting Laws of 1955, ch. 262, § 1(2), p. 1068). Vendors have a statutory right to bring an action on the bond against the merchant or the surety. *Lybecker,* at 12-13. Four plaintiffs brought actions against the surety after McDonnell went bankrupt.

The trial court held that all four transactions were governed by the 3-year statute of limitation. This court disagreed, noting that two of the plaintiffs, Lybecker and Corydon, had entered into written contracts with McDonnell which were governed by the 6-year statute of limitation.[5] *Lybecker,* at 15. Additionally, the relationship between McDonnell and the surety was represented by a written contract — the statutory bond. *Lybecker,* at 16.

We noted that while the statute required McDonnell to obtain a bond prior to being licensed, McDonnell's liability

---

[5]The court did not reach the statute of limitation issue as to those plaintiffs with oral contracts. *Lybecker,* at 16. As to the written contracts, the court noted that the 4-year statute of limitation under the Uniform Commercial Code, section 2-725(1), applicable to both oral and written contracts for the sale of goods, was not yet in effect. *Lybecker,* at 15 n.3.

to the plaintiffs arose from the contracts, not the statute. Similarly, the statute did not impose a liability on the surety. Rather, the statute directed the surety to make payment to any vendors having a cause of action against McDonnell.

> The bond is a contractual security for McDonnell's contractual obligation and collateral thereto. The plaintiffs are clearly third-party beneficiaries of the McDonnell-[surety] contract. When a third-party beneficiary has a right to sue on a *written* contract made for his benefit, the 6-year statute of limitations applies. *Stover v. Winston Bros. Co.*[,] 185 Wash. 416, 55 P.2d 821 (1936).

*Lybecker*, at 18. This court went on to say that "it would be illogical and incongruent to have one statute of limitations apply to a principal and another to his surety when both obligations are founded on written contracts." *Lybecker*, at 18.

■ *Lybecker* is analogous to the present case. Fidelity's duty to "pay all laborers, mechanics, and subcontractors and materialmen" arises from the bond itself. This duty would exist regardless of the statute requiring the bond. Also, RCW 39.08 does not impose any liability on Fidelity; the only liability under the statute is that imposed on a public body that fails to require a bond. We conclude that *Lybecker* is controlling and that, because Industrial Coatings is a beneficiary of the Queen City-Fidelity contract, the applicable statute of limitation is 6 years. Therefore, we reverse the trial court's dismissal of Industrial Coatings' claim as time barred.

While we conclude that *Lybecker* is controlling, we reject Industrial Coatings' contention that *Lybecker* overruled *Prescott* and its progeny *sub silentio*. *Lybecker* is readily harmonized with *Prescott* by looking at the determinative factors in *Prescott* — the duty and liability giving rise to the breach. In *Prescott*, the treasurer's duties, which the bond guaranteed would be performed, were statutory. In

*Lybecker*, the duty and liability were found to be contractual. Because these cases can be harmonized, *Prescott* has not been overruled *sub silentio*. We do, however, overrule *Johnson* and *Kepl* to the extent that they failed to properly apply the *Prescott* analysis.

In holding that the 6-year statute of limitation applies, we are aware that, in *Lybecker*, the surety's obligation was coextensive with McDonnell's obligation because both were based on written contracts and the 4-year statute of limitation applicable to contracts for the sale of goods was not yet in effect. *Lybecker*, at 15 n.3, 18. Therefore, we did not address the effect of a shorter statute of limitation running as to the principal on the obligation of the surety. Nor do we reach it now, both because it is unnecessary to the resolution of this case[6] and, more importantly, because it has not been briefed or argued by the parties.

## ATTORNEY FEES

The trial court awarded Fidelity $1,000 as reasonable attorney fees as a prevailing party under RCW 4.84.250, .270.[7] Because we reverse the trial court's granting of Fidelity's motion for summary judgment, the award of attorney fees is also reversed. However, we note that, in any event, an award of fees under RCW 4.84.270 was improper because the claim Fidelity prevailed on below exceeded the statutory maximum of $10,000. *Klein v. Seattle*, 41 Wn. App. 636, 639-40, 705 P.2d 806, *review denied*, 104 Wn.2d 1025 (1985).

---

[6] It is undisputed that Industrial Coatings timely filed this action under either a 4- or 6-year statute of limitation.

[7] "The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280." RCW 4.84.270. The maximum allowed under RCW 4.84.250 is $10,000.

Finally, both parties have requested attorney fees on appeal. Fidelity has requested attorney fees under RCW 4.84.290.[8] For the reasons just stated, Fidelity is not entitled to attorney fees under this statute.

■ Industrial Coatings asks for reasonable attorney fees pursuant to RCW 39.08.030. Because it was raised for the first time in Industrial Coatings' reply brief, the request for fees is denied. *In re Marriage of Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990); *see* RAP 10.3(c).

In sum, we hold that a 6-year statute of limitation applies to Industrial Coatings' action against Fidelity upon the written statutory bond, and we overrule *Johnson Serv. Co. v. Aetna Indem. Co.*, 46 Wash. 434, 90 P. 590 (1907) and *Kepl v. Fidelity & Deposit Co.*, 81 Wash. 135, 142 P. 489 (1914) to the extent that they failed to apply the *Spokane Cy. v. Prescott*, 19 Wash. 418, 53 P. 661 (1898) analysis. The trial court's dismissal of Industrial Coatings' claim as time barred, and the award of attorney fees to Fidelity based thereon, is reversed. The requests of both parties for attorney fees on appeal are denied.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, SMITH, GUY, and JOHNSON, JJ., concur.

---

[8]"[I]f the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal."