[No. 13768.   Department One.   March 16, 1917.]

## NORTHERN GRAIN & WAREHOUSE COMPANY, *Appellant*, v. C. J. HOLST *et al.*, *Respondents.*[1]

LIMITATION OF ACTIONS—ACCRUAL—PARTICULAR ACTIONS — PUBLIC OFFICERS—BREACH OF DUTY. Upon demand made for grain represented by a warehouse receipt, and refusal of the demand by a warehouseman who was permitted to do business without bond by the public service commission, the cause of action against the officials for failing to perform duties imposed by law becomes complete and the statute of limitations begins to run from that date.

SAME—PARTICULAR ACTIONS—PUBLIC OFFICERS—BREACH OF DUTY—STATUTES. An action for damages based indirectly upon the failure of public officers to perform duties imposed by law, falls within Rem. Code, § 165, fixing a two-year limitation for the commencement of actions for relief "not hereinbefore provided for;" and not within Id., § 159, subd. 2, fixing a three-year limitation for actions for taking or injuring, or for the return of, personal property "or any other injury to the person or rights of another not hereinbefore enumerated," which relates only to certain direct invasions or personal property or rights therein enumerated and cannot be so construed as to nullify § 165.

SAME—PARTICULAR ACTIONS—PUBLIC OFFICERS—CONTRACT OR TORT. Such an action does not fall within the three-year limitation of Rem. Code, § 159, subd. 3, relating to actions upon contract express or implied which are not in writing and which do not arise out of any written instrument, as the action arises, if at all, in tort and not on contract, and the word "liability" relates to contractual liability, especially in view of the fifth subdivision and of § 161 relating to liabilities for certain official acts or omissions.

SAME—PARTICULAR ACTIONS—BREACH OF DUTY — OFFICERS — NATURE OF LIABILITY. The public service commission's failure to perform its duty of exacting a bond from a warehouseman, who refused to deliver wheat upon demand, is not the direct cause of the loss, which is directly caused by the refusal to deliver, hence action against the officials therefor is not based upon any direct act affecting the plaintiff's property or rights, within Rem. Code, § 159, subd. 2, requiring such action to be commenced within three years.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered March 20, 1916, upon sustaining a demurrer to the complaint, dismissing an action for damages.   Affirmed.

[1]Reported in 163 Pac. 775.

*Coy Burnett*, for appellant.

*Stephen V. Carey*, for respondent Wilson *et al.*

*Ballinger, Battle, Hulbert & Shorts* and *J. A. Sorley*, for respondents Southwestern Surety Insurance Company *et al.*

MORRIS, J.—It is sought in this action to recover damages claimed to have been sustained by the appellant because of the failure of certain of the respondents to perform certain official duties. The respondent Holst is a former chief inspector of the state grain department. Respondents Wilson, Lee and Jones are former members of the public service commission. Respondents surety companies were sureties upon the official bonds of these officials. The case below was heard upon a demurrer to the amended complaint, which the lower court sustained. Appellant electing to stand upon its complaint, the action was dismissed and appeal was taken.

The amended complaint, briefly stated, alleged that, in August, 1912, licenses were issued to one A. E. Nichols, under the so-called grain inspection act, to operate grain warehouses at Adrian, Wilson Creek and Wheeler for a period of one year from July 1, 1912; that said licenses were issued carelessly, knowingly and negligently by the principal respondents without obtaining a bond from Nichols, and that thereafter the said respondents permitted Nichols to openly conduct said warehouses as public warehouses without exacting from him a bond; that, under his licenses, Nichols received certain grain for storage and issued negotiable warehouse receipts therefor, which in the course of business passed into the hands of appellant; that, on April 10, 1913, appellant made demand upon Nichols for the grain which was represented by the receipts which it held, which demand Nichols was unable to comply with, having disposed of the grain. It is then alleged that, under the rules of the public service commission, it was the duty of the principal respondents to have required the bond from Nichols, and to have

prevented him from continuing in business under his licenses without the giving of a bond. Nichols is alleged to be insolvent, and damage is alleged to have been sustained by appellant in the amount of the value of the grain wrongfully converted. To this amended complaint, a demurrer was imposed by all of the defendants, upon the grounds, first, that sufficient facts were not stated to constitute a cause of action, and second, that the action was barred by the statute of limitations. Other grounds of demurrer were pleaded, but these two were the only ones urged in the court below, and are the only ones urged here.

The case has been ably presented to us, both in the briefs and on oral argument, upon both questions submitted by the demurrer. But inasmuch as we all agree that the cause of action as pleaded is barred by the statute of limitations, we will discuss that question alone. The cause of action pleaded arose on April 10, 1913, when appellant made its demand upon Nichols for the grain represented by its receipts. Upon the refusal of that demand, appellant could have brought its action, and the cause of action then being complete, the statute of limitations began to run from that date. Suit was commenced after the expiration of two years, but within three years from April 10, 1913, so that the question now is, does the two-year statute or the three-year statute govern.

The three-year statute, in so far as it is here applicable, is Rem. Code, § 159, subd. 2 reading:

"Within three years: . . .   (2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated;"

and subd. 3:

"(3) An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument;"

The two-year statute is Rem. Code, § 165, as follows:

"An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

If full effect be given to appellant's argument, § 165 has no force or application in the law of this state and is a useless and nugatory enactment, for it is contended that the language of subd. 2 of § 159 embraces all causes of action in which it is sought to recover for any injury "to the person or rights" of the plaintiff. No cause of action arises in law until the plaintiff's person or property rights have been invaded. It is manifest that this subdivision, if given appellant's construction, would apply to all causes of action irrespective of their nature, and would embrace those causes of action provided for in other subdivisions of § 159 as well as those provided for in § 165 and other limitation statutes. That this was not the intention is manifest. Each subdivision of § 159 was intended to apply to particular forms of action which it was therein sought to enumerate, and § 165 was intended as a blanket provision to cover all other causes of action not specifically enumerated in prior sections. This being so, we must read subd. 2 as applying only to certain direct invasions of personal or property rights not otherwise "hereinafter enumerated," and as not including those numerous causes of action recognized by the law, among which must be included the one here pleaded, if existing at all, where the law imposes a liability because of indirection or default. The cause of action here pleaded is indirectly based upon the failure of public officials to perform duties imposed by law. It is not based upon any direct act of these officials injuring appellant's personal property or property rights. Nor, as we shall hereafter see, is it directly based upon the failure to perform a legal duty.

In *Quaker City Nat. Bank v. Tacoma*, 27 Wash. 259, 67 Pac. 710, relied upon by appellant, a warrant holder sought to recover against the city because of its misappropriation

of the fund against which the warrant was drawn.   The act
alleged was, in effect, an injury to the property rights of the
warrant holder, caused by the direct act of the city officials
in wrongfully appropriating the fund out of which the war-
rant was payable.   Conceding this, it might well be doubted
whether such an injury to property "or rights of another"
is of the character referred to in subd. 2.   The opinion, how-
ever, does not proceed upon this reasoning, nor does it make
any distinction between the three and two-year statutes, since
the action was brought after the expiration of three years
from the act complained of and was clearly barred, irre-
spective of whether the cause of action fell within the two or
three-year statutes.   In *Robinson v. Baltimore & Seattle
Min. & Red. Co.*, 26 Wash. 484, 67 Pac. 274, also cited by
appellant, it was held that this subdivision applied to an
action for wrongful death caused by the negligence of an-
other, since, by the death of the husband and father, the
plaintiffs, in that case a widow and minor children, were, as
the court there says, "injured in their rights."   But even so,
the opinion is based upon the conclusion that the words "in-
jury to the person," as found in this subdivision, "apply as
well to an injury to the deceased father and husband, for
which plaintiffs seek to recover, as an injury to the persons
of the plaintiffs themselves."   The action is not for an injury
to the persons, but the gravamen of the action is negligence
of the defendant causing the death of the deceased; or, in
other words, "an injury to the person of another."   Neither
of these cases, in rule or reasoning, sustain appellant's con-
tention.

Appellant next contends that, if not within subdivision 2,
its cause of action falls within subdivision 3 as "an action
upon a contract which is not in writing."   The fundamental
reasoning of this contention is an observation taken from
*Robinson v. Chamberlain*, 34 N. Y. 389, where, in holding
that a contractor accepting the duty to keep a canal in re-
pair was a public official and, as such, liable for the failure to

perform his duty, the court says: "An officer really contracts with the government faithfully to discharge the duties of his office, and he usually adds an oath to that effect." Whatever may be the relation of public officials to the government they serve, in seeking to enforce liability against them because of their dereliction of duty, such liability is not based upon breach of an express or implied contract, but arises, if at all, out of the tort embraced within the neglect or failure giving rise to the injury complained of, just as an action by a passenger against a common carrier for injuries, in a sense grows out of the breach of an implied contract to safely carry, yet the gravamen of such action, when pleaded, is the negligent act which is the proximate cause of the injury. An action against a public official because of his negligence in the performance of public duty is no more an action upon a contract or liability, express or implied, than is an action against a private person based upon negligence in the discharge of private duties. In so far as this subdivision has been interpreted by this court or by the Federal courts, the word "liability" is held to refer to a contractual liability, and not a liability growing out of a negligent act. *Suter v. Wenatchee Water Power Co.*, 35 Wash. 1, 76 Pac. 298, 102 Am. St. 881; *Aldrich v. Skinner*, 98 Fed. 375; *Aldrich v. McClaine*, 106 Fed. 791; *McClaine v. Rankin*, 197 U. S. 154.

That appellant's contention that this subdivision embraces liability incurred by public officials in failing to properly discharge official duties was not the intent of the framers of the act is apparent from the fifth subdivision of the section, which provides for an action against a sheriff, coroner or constable upon a liability incurred in the doing of an official act or in the omission of an official act, and § 161 imposing liability upon a sheriff or other officer for the escape of a prisoner. If it were understood or intended that these causes of action fall within subd. 3, which is apparent if appellant's contention is sound, then the enactment of these subsequent

sections was a useless and vain thing. Appellant cites *Spokane County v. Prescott*, 19 Wash. 418, 53 Pac. 661, 67 Am. St. 733. In that case, the county brought action against a former county treasurer and his bondsmen to recover money the county treasurer failed to turn over to his successor in office. It was held the action was barred under subd. 3 of § 159, the reasoning of the court being that there was a statutory duty resting upon the treasurer to turn over to his successor all county moneys in his possession, and when he failed in that duty, a liability immediately arose. The court found in this situation both an express obligation to turn over the money and an express liability for the breach of the obligation, based upon the statute and language of the bond. In referring to the duty resting upon the treasurer, the court uses this language:

"The statute of this state prescribes the duties of the county treasurer. The essence of this action is for the breach of those statutory duties imposed upon the treasurer. His duties under the statute were not contractual."

Thus in effect disapproving of appellant's contention that the duty imposed upon the official respondents to exact this bond was of a contractual nature. The reasoning of the *Prescott* case is apposite to that which underlies our decision in *Seattle v. Walker*, 87 Wash. 609, 152 Pac. 330, where the city brought action to recover interest unlawfully paid to a contractor on local improvement district bonds. Referring to such an action, it was said:

"The city has made an unlawful overpayment. The respondent has received an unmerited enrichment the retention of which is unjust, and in equity and good conscience he should repay the city. The law in such cases implies a liability to refund the illegal payment, and, if not refunded, an action will lie to recover the amount unjustly retained."

Such liability was held to be a liability within the meaning of subd. 3, and the three-year statute was applied. Neither this situation, nor that disclosed in the *Prescott*

case, is analogous to the present situation. In the *Prescott* case, the county treasurer was unlawfully withholding money belonging to the county. In the *Walker* case, the contractor was unlawfully withholding money belonging to the city. In each case, a liability arose to repay the money to the rightful owner. In each case, the liability arose directly out of the unlawful retention of the money. In the present case, the direct liability sought to be enforced does not arise out of the failure of the respondent officials to exact a bond from Nichols. That failure would not have injured appellant had Nichols delivered the wheat called for by its receipts or been able to pay its value. It was the failure of Nichols to either deliver the wheat or pay its value that directly caused appellant's loss, a loss which it might have recouped itself for by an action upon the bond, had respondent officials exacted one. But the failure to give a bond was not the cause of Nichols' inability to respond to appellant's demand, and hence, while appellant might have ultimately recompensed itself from the bond given, it was not the failure to give a bond that directly occasioned its loss. The direct cause of appellant's loss was the default of Nichols and not the default of respondents.

Because of the nature and importance of the case, we have gone into the contentions of appellant somewhat extensively, resulting in our firm conviction that the two rather than the three-year statute applies and the action is barred.

The judgment is affirmed.

Ellis, C. J., Chadwick, Main, and Webster, JJ., concur.