[No. 20395. Department One. July 7, 1927.]

ARCHIE CONSTABLE, *Appellant,* v. JOHN P. DUKE *et al.,*
*Respondents.*[1]

[1] LIMITATION OF ACTIONS (20)—PUBLIC OFFICERS—ACTS OR OMISSIONS IN OFFICIAL CAPACITY. Rem. Comp. Stat., § 165, fixing a two-year limitation for the commencement of actions "not hereinbefore provided for" (rather than Id., § 159 subdiv. 3, covering contracts express or implied), applies to an action against the state supervisor of banks and the state bank examiner and sureties, for damages resulting from wilful dereliction in the performance of their official duties.

[2] SAME (25)—RELIEF ON GROUND OF FRAUD. Rem. Comp. Stat., § 159, subdiv. 4, fixing a limitation for the commencement of actions for relief on the ground of fraud has no application to an action against public officers for dereliction of duty where the fraud alleged is only indirectly involved and does not form a basic ground of the cause of action.

Appeal from a judgment of the superior court for Lewis county, Simpson, J., entered October 14, 1926, upon sustaining a demurrer to the complaint, dismissing an action for damages. Affirmed.

*Frank L. Walters,* for appellant.

*The Attorney General, L. B. Donley, Assistant, Hugh M. Caldwell,* and *John P. Lycette,* for respondents.

FULLERTON, J.—To the complaint in this action, a demurrer was sustained in the court below, and upon the election of the pleader to stand upon the complaint, a judgment dismissing the action was entered. The appeal is from the judgment so entered.

Briefly, it was alleged in the complaint that the respondent Duke was formerly the supervisor of banking of the state of Washington; that the respondent

[1]Reported in 257 Pac. 637.

Vanderpoel was the bank examiner, and the respondent, National Surety Company, was surety on their official bonds; that the Southwestern Washington Bank of Ilwaco was a corporation doing a banking business within the state, and that it was the official duty of Duke and Vanderpoel to make a full examination as often as once in each year of the financial condition of the bank; that they did make such an examination of the bank on November 11, 1922, at which examination it was discovered, or ought to have been discovered, that the bank had been violating the banking laws of the state, and was wholly and hopelessly insolvent; that it was the legal obligation and duty of the respondents Duke and Vanderpoel, on the discovery of these facts, to close the bank and take it into their possession and liquidate its assets, but that they "in bad faith, and in dereliction of their duties, wilfully, maliciously, wrongfully and fraudulently, neglected and refused" to close the bank, and suffered it to continue its banking business as a solvent and going concern, finally closing it, and taking it into possession for liquidation, on September 4, 1923. It is then alleged that the appellant, and others who have assigned their claims to the appellant, believing that the respondents had performed their duties and believing that the bank was a solvent concern, made deposits with the bank between the time the respondents examined the bank and the time it was closed, all of which were lost to them, save a small percentage which has been paid them from funds derived by the liquidation of the assets of the bank. It was further alleged that the appellant did not discover the fraudulent acts of the defendant until a stated date, which was but a short time prior to the commencement of the action. There is no allegation that the bank refused to honor the checks of the appellant, or the

checks of his assignors, drawn upon the deposits prior to the time the bank was closed by the respondents.

The action was commenced on July 28, 1926, which time, it will be observed, was less than three years, but more than two years, after the bank was closed and taken over for liquidation, and less than. three years after the time, it is alleged, discovery was made, of the acts of misconduct charged against the respondent officers.

[1] The demurrer was sustained on the ground that the action was barred by the statute of limitations, and whether it is so or not, is the only question discussed in the arguments of counsel. The appellant argues against the bar, and points out, as the. applicable statute, subds. 3 and 4 of § 159 of the code (Rem. Comp. Stat.) [P. C. § 8166]. These subdivisions read as follows:

"3. An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument;

"4. An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."

The respondents relied upon § 165 of the code (Ib.) [P. C. § 8172], and it was this section that the trial court held applicable to the cause of action attempted to be stated. The section reads:

"An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

While the appellant's learned counsel makes an able and ingenious argument in support of the contention that the cause of action is controlled by one or the other of the provisions cited from § 159 of the code, it is our opinion that our previously determined cases

conclude the question against him. The application of the first of these subdivisions was before us in the case of *Northern Grain & Warehouse Co. v. Holst,* 95 Wash. 312, 163 Pac. 775. In that action, the plaintiff sought to recover against Holst, who was, at the time the cause of action accrued, chief inspector of the state grain department, and against Wilson, Lee and Jones, who were at the same time members of the public service commission, for the value of certain grain alleged to have been lost because of the neglect of the defendants to perform certain official duties imposed upon them by statute. It was alleged that these officers had issued to one Nichols licenses to operate grain warehouses, without exacting from him the bond required by the act under which the licenses were issued; that Nichols received in the warehouses so operated certain wheat for which he gave negotiable warehouse receipts; that the plaintiff purchased the receipts, demanded the grain of Nichols, who failed and refused to deliver it, whereby the value of the grain was lost to the plaintiff. The action was begun less than three years, but more than two years, after the cause of action accrued. It was held by the trial court that the action was barred by the statute, and this conclusion we affirmed on the appeal.

The appellant contends first, that the case is inapplicable to the present case, and second, that, if applicable, it should be overruled. We are unable to follow him. That the cases are the same in principle we have no doubt. The wrong alleged in each case as the foundation of the cause of action is the dereliction of a public officer in the performance of his official duty, and the statute which bars the action in the one case must necessarily bar it in the other. Nor are we persuaded that the question presented was erroneously decided. The case was presented by able

counsel, and all of the reasons the appellant now urges for a contrary conclusion were presented in the arguments. These the opinion meets and answers, and, without repeating the reasons there given for our conclusion, we feel that we reached a correct conclusion.

[2] The contentions made on the second of the subdivisions quoted, we think, are also concluded by our former cases. We have held that this provision of the statute is applicable only in those instances where fraud is practiced directly upon the complaining party, and is the substantive cause of the action—instances where the complaining party has been induced to assume some obligation or liability or suffer some loss which, but for the fraud, he would not have assumed or suffered—and is without application where the fraud alleged is only indirectly involved and does not of itself form the basic ground of the cause of action. *Hutchinson Realty Co. v. Hutchinson,* 136 Wash. 184, 239 Pac. 388, and cases therein collected.

It is at once apparent that fraud is not the ground of the appellant's cause of action. If he has a cause of action at all, it arises out of the fact that the public officers which he names failed in the performance of a public duty. It is this failure to perform the duty that gives rise to the cause of action, not the motive which induced the failure. The statute fixing the time within which an action may be commenced for the breach of duty cannot, therefore, be altered or extended by pleading the motives which induced the acts.

The trial court, we conclude, correctly held that the appellant's cause of action was barred by § 165 of the code, and its judgment will stand affirmed.

Mackintosh, C. J., French, Main, and Mitchell, JJ., concur.