[No. 12073–5–I.  Division One.  April 11, 1984.]

JUDI S. STEELE, *Individually and as Personal Repre– sentative,* ET AL, *Appellants,* v. JEFFREY GEORGE BELL, ET AL, *Defendants,* THE CITY OF SEATTLE, ET AL, *Respondents.*

338

*Mussehl, Rosenberg & Grieff, Morris H. Rosenberg, Sherrard, McGonagle & Sherrard,* and *William S. McGonagle,* for appellants.

*Douglas N. Jewett, City Attorney, J. Roger Nowell, Assistant, Kenneth O. Eikenberry, Attorney General,* and *Roger A. Gerdes, Assistant,* for respondents.

*Bryan Harnetiaux* and *Robert Whaley* on behalf of Washington Trial Lawyers Association, amici curiae.

SCHOLFIELD, J.—Plaintiffs Judi S. Steele and Wilma E. Piercey appeal the trial judge's grant of motions for summary judgment dismissing the City of Seattle and the State of Washington as defendants in their actions seeking damages for wrongful death. We affirm.

On September 2, 1977, James Steele and Wesley Piercey were driving southbound on the Aurora Avenue Bridge in Seattle. Jeffrey Bell was driving northbound on the bridge when he fell asleep at the wheel, crossed over into the southbound lanes, and collided head on with the car containing Steele and Piercey. Steele and Piercey died as a result of the collision. Judi Steele and Wilma Piercey, the surviving spouses of both men, filed an action against Bell and the City of Seattle. That action was voluntarily dismissed in May 1980. They filed the present action against Bell, the City of Seattle and the State of Washington on August 18, 1980, more than 2 years, but less than 3 years,

after the accident. They contended that the City and the State negligently failed to construct a median barrier on the bridge.

The City moved to dismiss on the grounds that the 2–year statute of limitations contained in RCW 4.16.130 barred the suit and that it was immune from liability because the design of the bridge was a "discretionary act" under the doctrine of sovereign immunity. The State adopted the City's grounds for dismissal and also contended that construction of a highway median was, by statute, the City's responsibility.

The City submitted the affidavit of a City of Seattle traffic engineer, stating that city engineers had studied the feasibility of installing a median barrier on Aurora Avenue from Denny Way north to 50th Street in the 1960's and had concluded that it was not feasible to install a barrier on the bridge. It is undisputed that the City did install a barrier on Aurora Avenue, both north and south of the Aurora Bridge, but not on the bridge itself. Steele submitted the affidavit of a traffic engineer for a different city, stating that in his opinion the absence of a median barrier on the Aurora Bridge created a high probability of serious accidents.

The City and the State contend that the 2–year statute of limitations contained in RCW 4.16.130[1] applies to this case, citing *Northern Grain & Warehouse Co. v. Holst,* 95 Wash. 312, 163 P. 775 (1917), *Constable v. Duke,* 144 Wash. 263, 257 P. 637 (1927), and *Peterick v. State,* 22 Wn. App. 163, 589 P.2d 250 (1977), *review denied,* 90 Wn.2d 1024 (1978). Steele contends that the 3–year statute of limitations contained in RCW 4.16.080[2] applies. We find the

---

[1]RCW 4.16.130 provides as follows:
"An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued."

[2]RCW 4.16.080 provides as follows:
"Actions limited to three years. Within three years:
". . .

cases cited by the City and the State to be controlling and hold that the 2–year statute of limitations applies. It is therefore unnecessary to consider the other grounds asserted by the City and the State in support of their motions.

In *Northern Grain & Warehouse Co. v. Holst, supra,* public officials for the State of Washington issued a license to a person named Nichols to operate grain warehouses. Nichols subsequently became insolvent. Northern Grain & Warehouse Co. owned a negotiable warehouse receipt for grain which Nichols could not supply upon demand. Northern Grain sued the former public officials who had issued the license to Nichols, alleging that the officials had failed to require Nichols to post a bond, as required by statute. It contended that it would not have suffered a loss from Nichols' default if the officials had performed their duty to require Nichols to acquire and maintain a bond contemporaneously with his license as a public warehouseman.

Northern Grain & Warehouse Co. commenced its suit more than 2 years, but less than 3 years, after it had made its demand upon Nichols which he could not fulfill. The court considered the same statutes of limitations that are involved in this case and held that the 2–year statute applied, reasoning at page 319 as follows:

> It was the failure of Nichols to either deliver the wheat or pay its value that directly caused appellant's loss, a loss which it might have recouped itself for by an action upon the bond, had respondent officials exacted one. But the failure to give a bond was not the cause of Nichols' inability to respond to appellant's demand, and hence, while appellant might have ultimately recompensed itself from the bond given, it was not the failure to give a bond that directly occasioned its loss. The direct cause of appellant's loss was the default of Nichols and not the default of respondents.

---

"(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated;"

In *Constable v. Duke, supra,* the court followed its reasoning in *Northern Grain & Warehouse Co. v. Holst, supra.* In *Constable,* Constable alleged that Duke, former state supervisor of banking, and Vanderpoel, state bank examiner, discovered or should have discovered during an examination of the Bank of Ilwaco on November 11, 1922, that the bank had been violating the banking laws of the state and was insolvent. Constable alleged that based upon that information, Duke and Vanderpoel should have closed the bank. He sued to recover his substantial losses in bank deposits made after the bank examination but before the bank was ultimately closed. The court applied the 2–year statute of limitations, citing *Northern Grain & Warehouse Co. v. Holst, supra,* as the sole authority for its decision.

In *Peterick v. State, supra,* representatives of two workmen killed in an explosion at an explosives plant sought damages for wrongful death. They asserted liability based on the alleged failure of public officials to perform their duties in connection with the lease of state land and the regulation of explosives manufacturing by the Explosives Corporation of America. The court was faced with the same issue that is found in this case: whether the 3–year or 2–year statute of limitations applied. The court held that the 2–year statute applied, stating at page 169:

> The requisite direct liability for the 3–year statute of limitations sought to be enforced here does not arise out of the failure of the state officials to perform official duties, for this alleged failure would not have resulted in plaintiffs' injuries had the explosion not occurred. It was the explosion, however it was caused, that was the direct cause of the plaintiffs' injury, *not* negligence on the part of state officials.

■ A review of the foregoing three cases reveals the rule: the 3–year statute applies when the cause of the harm is direct, and the 2–year statute applies when the cause of the harm is indirect. In each of these cases, an act of a third party other than the defendant was the direct cause of the harm. The alleged act or omission of the defendant would

have only protected the plaintiff from suffering a loss as a result of the wrongful act of the third party. Thus, the alleged wrongful act of the defendant was indirect or secondary to the act of the third party, which was the direct cause of the harm.

Steele and Piercey contend that the application of the 2–year statute of limitations in this case would violate the equal protection clause of the Fourteenth Amendment and the privileges and immunities clause of the Washington Constitution. They contend that the rule set forth in *Northern Grain & Warehouse Co. v. Holst, supra, Constable v. Duke, supra,* and *Peterick v. State, supra,* creates a protected class of public officials and governmental entities to whom the shorter 2–year statute is applied. In support of their contention, they cite *Hunter v. North Mason High Sch.,* 85 Wn.2d 810, 811, 539 P.2d 845 (1975), in which the court held that "nonclaim" statutes which discriminated against persons with claims against governmental bodies violated the equal protection clause of the federal constitution and the privileges and immunities clause of the state constitution.

We disagree that it is the status or employment of the defendants rather than the nature of the cause of the harm that determines whether the 2–year statute of limitations is to be applied. *See Peterick v. State, supra* at 167. For example, in *Luellen v. Aberdeen,* 20 Wn.2d 594, 148 P.2d 849 (1944), the court found that the acts of the defendant public officials were a direct cause of the harm to the plaintiff and held that the 3–year statute of limitations, not the 2–year statute, applied. In *Noble v. Martin,* 191 Wash. 39, 70 P.2d 1064 (1937), the court found that the acts of the defendant private individuals were an indirect cause of the harm and therefore applied the 2–year statute rather than the 3–year statute. We hold that the application of the 2–year statute of limitations in this case does not violate the equal protection clause of the Fourteenth Amendment or the privileges and immunities clause of the Washington Constitution.

The failure of the City and the State to erect a concrete barrier dividing the northbound from the southbound lanes on the Aurora Bridge was not the direct cause of the deaths of Steele and Piercey. The direct cause was Bell falling asleep and allowing his automobile to cross over into the southbound lanes. If a barrier had been in place, it probably would have deflected Bell's automobile from crossing into the southbound traffic lanes. The absence of the barrier, however, was not the direct cause of the harm.

Judgment affirmed.

CORBETT, A.C.J., concurs.

SODERLAND, J.* (dissenting)—I dissent. I would hold that the 3–year statute of limitations applies to the cause of action alleged. If the City or the State was negligent in failing to maintain a safe highway, either by acting or failing to act, a jury could find that such negligence was a proximate cause of the wrongful deaths, concurring with the negligence of the driver who crossed the center line. A jury could find that it was reasonably foreseeable that cars would cross the center line. *Boeing Co. v. State,* 89 Wn.2d 443, 448, 572 P.2d 8 (1978); WPI 12.05. A concurring proximate cause is a direct cause of injury to the rights of another under RCW 4.16.080(2).

*Northern Grain & Warehouse Co. v. Holst,* 95 Wash. 312, 163 P. 775 (1917) and *Peterick v. State,* 22 Wn. App. 163, 589 P.2d 250 (1977), *review denied,* 90 Wn.2d 1024 (1978), are not in point. The inaction of the public official in each case provided a theory of recovery, but in neither case was the inaction of the official a concurring proximate cause of the loss. In *Northern Grain,* the failure of the public official to require a bond from the grain broker was not a concurring proximate cause of the loss caused by the broker's inability to deliver grain. In *Peterick,* the failure of the public official to properly inspect a manufacturing and

---

*Judge Stanley C. Soderland is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

test site for explosives was not a concurring proximate cause of the explosion which caused the injury.

The City or the State is not immune under the doctrine of sovereign immunity. The initial decision to build the bridge was within the scope of discretionary immunity, but negligence in designing or keeping the bridge safe for travel is negligence on the operational level and there is no sovereign immunity. *Stewart v. State,* 92 Wn.2d 285, 597 P.2d 101 (1979).

The summary judgment of dismissal should be reversed and the case remanded for trial.