### E. C. Johnson *vs.* Louisa Goodtime.

The trial of a cause by the court, where issue of fact is made, there being no waiver of jury, as provided by Section 206, Practice Act, 1873, is the exercise of a power not authorized by law.

Error to the Third District, holding terms at Steilacoom.

*Frank Clark* for plaintiff in error.

*John P. Judson* for defendant in error.

Opinion by Wingard, Associate Justice.

The record in this case, as disclosed by the transcript, is anomalous, and apparently imperfect.

An action of ejectment was brought by Louisa Goodtime *vs.* E. C. Johnson, to recover the possession of certain real estate in Pierce county, and was commenced on the 17th day of November, 1873.

Dec. 24th, 1873, a general demurrer was filed to the complaint.   At the January term, 1874, the cause was continued to next term.

June 3d, 1874, the demurrer was overruled.

June 17th, 1874, by leave of court, an answer to complaint was filed, to which answer the plaintiff below filed a demurrer on Aug. 10th, 1874.

This demurrer was argued at the same term, to wit: Aug. term, 1874, and taken under advisement by the court.

On the 5th day of December, 1874, the court, on a "motion for judgment on the pleadings," made findings of fact, and conclusions of law, upon which judgment was entered, on the 16th day of December, 1874, in favor of the plaintiff below, Louisa Goodtime.

At the January term, 1875, the following entry appears of record: "And now at this January term of said court the clerk is directed, by the court, to make the following entry, among the proceedings of the *last August* term of court, which was done accordingly, to wit:

" *Louisa Goodtime vs. E. C. Johnson,* cause No. 2.

" Demurrer to complaint overruled; defendant asked and obtained leave to file an answer herein. Answer filed, where-- upon plaintiff filed a motion for judgment on the pleadings. After argument by counsel, the same was taken under advisement by the court."

As the record thus stands disclosed, there was an issue arising on the pleadings, where a fact, or facts, were "maintained by one party and controverted by the other." Section 206, act of 1873, provides that an issue of fact shall be tried by a jury, unless waived, as provided by said act, and section 247 thereof points out the three ways in which said trial may be waived.

Nowhere in the files or minutes or other records of the Court, in this case, does it appear that a jury was waived.

The trial of the court, without such waiver, was the exercise of a power which the court did not possess, and was erroneous.

Judgment reversed, and the cause remanded for a new trial.