[No. 12579.   Department One.   April 17, 1915.]

SIMON KREIELSHEIMER *et al.*, *Appellants*, v. H. C. GILL, *Executor, etc., Respondent*, CHARLES BERRYMAN, *Defendant.*[1]

LIMITATION OF ACTIONS—CONSTRUCTION—ESTOPPEL. Debtors primarily liable on an account, which they induced the creditor to assign to their agent for collection for the purpose of suing one secondarily liable thereon for the benefit of the creditor as well as themselves, are estopped to invoke the statute of limitations in an action against them by the creditor, where the original debtors had promised to pay as soon as suit against the secondary debtors was over regardless of the outcome, and thereby induced the creditor to delay enforcement of his claim, and thus wrongfully obtained an advantage which equity will not allow them to hold; especially where the suit against the party secondarily liable was undetermined and not subject to the plea of the statute.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered November 25, 1914, upon findings in favor of the defendant, in an action upon a rejected claim against an estate, after a trial to the court. Reversed.

*Jay C. Allen*, for appellants.

*Gill, Hoyt & Frye*, for respondent.

CHADWICK, J.—The trial judge found the following facts: In July, 1909, Berryman & Pinschower were indebted to the appellants in the sum of $471.17. They sold their business to Peyser and Bethel. As a part of the purchase price, Peyser and Bethel agreed to pay some debts of the firm of Berryman & Pinschower, including the debt due appellants. Peyser and Bethel did not meet these payments, and Berryman & Pinschower then requested appellants to assign their claim against Berryman & Pinschower to one Welch for the purpose of bringing a suit to recover the amount due them and the amount assumed by Peyser and Bethel. When so

[1]Reported in 147 Pac. 871.

requested, appellants told Pinschower that he, being well-to-do and having ample means with which to pay the claim, should pay it; that appellants would then make an assignment to any one whom he might name. Pinschower said that he hesitated to pay the claim for fear that such payment might affect the rights of Berryman & Pinschower in the suit to be brought against Peyser and Bethel, and further represented that he had been a good customer; that if appellants assigned the claim to Welch, Berryman & Pinschower would pay the claim as soon as the suit with Peyser and Bethel was over, regardless of the outcome of the suit; that appellants would not lose anything by so doing and that he would pay the claim upon the termination of the Peyser suit, whether Berryman & Pinschower succeeded or not.

The claim was accordingly, in July, 1909, assigned to Welch and delivered to the attorneys for Berryman & Pinschower. Suit was instituted in the name of Welch against Peyser and Bethel. Appellants were informed from time to time that the suit was being pressed and would be concluded as rapidly as possible. The suit is still undetermined, so far as the record in this case shows. In October, 1912, Pinschower died. Within one year after his death appellants presented their claim to the executor of his last will and testament. The claim was by him rejected.

During all of the time between July, 1909, and October 14, 1912, Pinschower was possessed of considerable property, and if it had not been for his representations the appellants would have insisted upon payment of their claim prior to his death. Upon this state of facts, it was held that the statute of limitations had run against the appellants prior to the death of Pinschower.

The court seems to have made this finding under the well settled doctrine that where a party does no more than to promise a creditor that he will pay the debt, or that he intends to pay the debt as soon as a third party pays him, or will pay when the money is realized from some independent

source, the statute will nevertheless run and its sanctuary be open to the debtor, notwithstanding the creditor has been led by his personal confidence in the debtor to allow the time for beginning an action to lapse. The rule rests upon the theory that a statute of limitation is a statute of repose, and that a promise must be based upon some new consideration moving to the debtor or that it must be in writing. Rem. & Bal. Code, § 179 (P. C. 81 § 7).

It seems to us that the court did not give due consideration to the distinguishing facts in this case. Berryman & Pinschower were primarily liable to pay the debt. For their own use and benefit and that they might be aided in the collection of that which Peyser and Bethel were owing to them, they induced appellants to assign the claim which their creditors held against them to a third party. The third party was their agent, and the claim was assigned upon the theory and with the intent that he would bring a suit in the name of Berryman & Pinschower for the benefit of appellants, as well as for the benefit of Berryman & Pinschower. The account was, by the act and solicitation of Berryman & Pinschower, put beyond the control of the creditor for the time being. The suit is still pending.

One who is primarily liable should not be heard to plead the statute of limitations while for his own benefit he has the claim in his or his agent's hands for collection from a party who is secondarily liable. The relations of the parties under such a state of facts become subject to equitable principles. Estoppel rests in equity. Respondents cannot plead the statute for the reason that, as between appellants and Berryman & Pinschower acting as agent for appellants, Berryman & Pinschower are still bound and will be bound to the payment of the debt if collected, although the statute may have in time run between the principal parties.

That a debtor may be estopped to plead the statute of limitations is well settled.

"The doctrine of equitable estoppel may in a proper case be invoked to prevent defendant from relying upon the statute of limitations, it being laid down as a general principle that when a defendant electing to set up the statute of limitations previously by deception or any violation of duty toward plaintiff, has caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which equity will not allow him to hold." 25 Cyc. 1016.

The rule rests upon a very elementary principle.

"Where a benefit results to the promisor, or to another at his request, or where any losses or inconvenience is sustained by the promisee at the instance of the promisor, the latter is bound to perform the agreement whether the consideration is sufficient or not, if the contract be otherwise free from illegality." *Newton v. Carson,* 80 Ky. 309.

Furthermore, it will be presumed as between the parties that Berryman & Pinschower, who had assumed for their own benefit to collect from the second debtor, will in time collect the money that is due them from the second debtor, in law, and to appellants in equity, and so long as that debt is not subject to a plea of the statute by the second debtor and the suit is pending, respondents will not be heard to plead the statute in bar of the debt of his testator. His liability does not depend upon a new promise, but because equity will not allow a plea in bar of the old promise. We are clearly of opinion that the facts in this case exempt appellants' claim from the general rule.

The judgment of the court in favor of the respondent should be reversed, and a judgment entered upon the facts found in favor of appellants.

MORRIS, C. J., HOLCOMB, PARKER, and MOUNT, JJ., concur.