[No. 23643.   Department Two.   April 8, 1932.]

PERRY BAIN, *Respondent*, v. D. L. WALLACE *et al.,*
*Appellants,* CLYDE BAIN, *Defendant.*[1]

*Imus & Imus* and *Atwell & Moore,* for appellants.
*Dwinell & McCoy,* for respondent.

BEALS, J.—D. L. Wallace and Dora A. Wallace, his
wife, being the owners of a dairy ranch in Cowlitz

[1]Reported in 10 P. (2d) 226.

county, at some time prior to April, 1924, formed a partnership agreement with defendant Clyde Bain, according to the terms of which Mr. Bain should undertake the active management of the ranch in an endeavor to make the same a paying proposition.

During the month of April, 1924, Mr. Bain hired his brother, Perry Bain, plaintiff in this action, to work on the ranch, and plaintiff performed labor thereon until the spring of 1927, when his employment ceased. Plaintiff performed work on the farm during the summers of the years 1928 and 1929, and from the spring of 1930 to March, 1931, he worked steadily on the ranch.

About March 1, 1931, as the result of disagreements between Clyde Bain and the defendants Wallace, Mrs. Wallace took over the operation of the ranch for the purpose of liquidating the partnership affairs and dissolving the association. Shortly thereafter, plaintiff was paid two hundred dollars, and defendants Wallace admit a further indebtedness to plaintiff in the sum of $275 for work performed subsequent to 1927, which amount they tendered into court for plaintiff's benefit.

Plaintiff claimed back wages, dating from the commencement of his employment in the year 1924, in the sum of $2,237, and instituted this action against Mr. and Mrs. Wallace and his brother, Clyde, as copartners as "Wallace & Bain," for the purpose of recovering judgment for the amount which he contends is due him. It appears that May 1, 1931, defendant Clyde Bain, assuming to act for the partnership, executed a promissory note for $2,237 in plaintiff's favor, and in his complaint plaintiff alleged the execution of this note "as evidence of said indebtedness."

Defendant Clyde Bain answered, admitting the allegations of plaintiff's complaint, and confessing judgment in plaintiff's favor, both on his own behalf and

on behalf of the copartnership of Wallace & Bain. Defendants Wallace answered, denying any indebtedness to plaintiff, save as hereinabove set forth, affirmatively pleading payment of all sums due plaintiff; that plaintiff's claim was barred by the statute of limitations; that the note hereinabove referred to was fraudulently executed by Clyde Bain; and that Clyde Bain had no authority to make on behalf of the partnership any note or acknowledgment of indebtedness; these defendants praying for cancellation of the note and for judgment in their favor.

Plaintiff replied to the answer of defendants Wallace, pleading by way of an estoppel against defendants' plea of the statute of limitations that defendants and the partnership had repeatedly promised to pay plaintiff's claim for labor, and had admitted the indebtedness to him, thereby causing him to delay suit on his claim by an action at law for a considerable period of time.

Upon the issues so made up, the action was tried to a jury, which returned a verdict in plaintiff's favor in the sum of $2,237 as against defendant Clyde Bain, and, as against defendants Wallace and the copartnership of Wallace & Bain, a verdict in the sum of $1,650. From a judgment entered upon this verdict, defendants Wallace appeal.

Appellants assign error upon the failure of the trial court to sustain their objection to the introduction of any testimony tending to prove, as against them, an equitable estoppel operating against their plea of the statute of limitations, and in refusing to withdraw from the consideration of the jury respondent's claim for wages for the years 1924 to 1927, inclusive; in denying appellants' motion for judgment in their favor notwithstanding the verdict; in submitting the case to

a jury over appellants' objection; in receiving in evidence the note referred to in respondent's complaint; in giving certain instructions to the jury; and in submitting to the jury two special interrogatories.

Appellants contend that, by the pleadings in the action subsequent to the complaint, the action became one of equitable cognizance, and that the trial court erred in submitting the same to a jury pursuant to respondent's demand for a jury trial. Appellants admit that the complaint herein states a cause of action at law, triable to a jury, but contend that as, by their answer, appellants pleaded fraud and conspiracy between respondent and defendant Clyde Bain· and asked for cancellation of the note referred to in respondent's complaint, and as respondent in his reply pleaded an equitable estoppel against appellants' plea of the statute of limitations, the action became equitable in its nature, and should have been tried to the court; and that, in submitting the disputed questions of fact to a jury, the trial court committed reversible error.

The action was properly tried to a jury upon respondent's demand. The pleadings subsequent to the complaint presented equitable issues which were purely incidental to the determination of the law action pleaded by respondent in his complaint. *Northern Life Ins. Co. v. Walker,* 123 Wash. 203, 212 Pac. 277; *Fleming v. Buerkli,* 159 Wash. 460, 293 Pac. 462.

It is true, as argued by appellants, that, in determining whether or not the action should be tried to a jury upon demand of one of the parties, the court must consider, not the complaint alone, but the pleadings in their entirety. *Lindley v. McGlauflin,* 57 Wash. 581, 107 Pac. 355; *Price v. Chambers,* 148 Wash. 170, 268 Pac. 143; *Theodore v. Washington National Inv. Co.,*

164 Wash. 243, 2 P. (2d) 649. We are satisfied, however, that the trial court, after considering all the pleadings, properly ruled that appellants' motion to strike respondent's demand for a jury trial should be denied. Cancellation of the note was a matter merely incidental to respondent's claim at law against appellants for wages. Assuming that a verdict in appellants' favor would not cancel the note, relief incident to such a verdict would amply protect them.

The accounting features of the case were so simple and incidental to the main issue as to keep the case without the principle of the case of *Lindley v. Mc-Glauflin, supra,* and the case of *Boozer v. Boozer,* 139 Wash. 34, 245 Pac. 403; and, as to the estoppel pleaded by respondent, it is the law that such a plea, whether by answer or reply, does not necessarily convert an action from one at law to an equitable proceeding, triable only to the court. Where the question is doubtful, the right to a jury trial is always preserved.

█ Appellants next contend that the trial court erred in refusing to sustain their objection to the introduction of any testimony in support of respondent's plea of equitable estoppel and in refusing to withdraw this issue from the consideration of the jury. It is clearly established by the evidence that respondent's employment from 1924 to the spring of 1927 was not so connected with his subsequent employment as to form one connected contract, and that respondent's claim for wages earned prior to the spring of 1927 is barred by the statute of limitations, unless some facts exist which take respondent's claim without the bar of the statute.

We have examined the pleadings, the record and the authorities cited by counsel, and are satisfied that the trial court did not err in submitting to the jury for its

determination the disputed questions of fact presented under the issue now under discussion. The rule that an equitable estoppel may arise, which will defeat the plea of the statute of limitations, was recognized by this court in the case of *Marshall-Wells Hardware Co. v. Title Guaranty & Surety Co.*, 89 Wash. 404, 154 Pac. 801. In the case cited, it was held that the promise therein shown was not sufficient to toll the statute, but the general rule is clearly stated. Such a principle was recognized in the case of *Kreielsheimer v. Gill*, 85 Wash. 175, 147 Pac. 871.

In this connection, appellants rely upon the case of *McKay v. McCarthy*, 146 Iowa 546, 123 N. W. 755, 34 L. R. A. (N. S.) 911, as well as the opinion of this court in the case of *Marshall-Wells Hardware Co. v. Title Guaranty & Surety Co.*, supra.

In the case of *McKay v. McCarthy*, the supreme court of Iowa referred to its earlier decision in the case of *Holman v. Omaha & C. B. Ry. Co.*, 117 Iowa 268, 90 N. W. 833, 94 Am. St. 293, 62 L. R. A. 395, and distinguished the facts of that case from those then under consideration.

While a plea of the statute of limitations is not an unconscionable defense (*Morgan v. Morgan*, 10 Wash. 99, 38 Pac. 1054), ''courts will not now indulge in any presumptions in its favor,'' *Paul v. Kohler & Chase*, 82 Wash. 257, 144 Pac. 64; and

'' . . . the proper rule is that the statute of limitations, although not an unconscionable defense, is not such a meritorious defense that either the law or the facts should be strained in aid of it.'' *Hein v. Forney*, 164 Wash. 309, 2 P. (2d) 741.

We are satisfied that appellants' second assignment of error is not well taken.

In his complaint, respondent alleged the execution of the promissory note above referred to, as evi-

dence of the indebtedness of the partnership to plaintiff. At the outset of the trial, in response to a demand by appellants that respondent state whether he relied upon his claim for wages or upon the note, respondent's counsel reiterated his position that his cause of action was based upon the specific oral contract to perform service, and that the note was given as evidence of the debt. Appellants contended that defendant Clyde Bain had no authority to execute the note on behalf of the partnership, and that the document was fraudulent, collusive and consequently void and of no binding effect.

In connection with this branch of the case, the court instructed the jury as follows:

"You are instructed that if you should find that the statute of limitations has run as to all of plaintiff's claim for wages during the years 1924, 1925, 1926 and 1927, nevertheless if you should find that the defendant Clyde Bain executed the note sued on herein and that he had authority to execute said note, then plaintiff would be entitled to recover against the defendant D. L. Wallace and Dora Wallace and the defendant Clyde Bain and the partnership consisting of Wallace & Bain for any wages for the years 1924, 1925, 1926 and 1927, if any, included in said note,"

to the giving of which instruction appellants excepted.

This instruction was technically erroneous, in so far as the same referred to the note as "sued on herein." The note was not the basis of the action, and should not have been referred to in that connection. We are of the opinion, however, that the use of the words "sued on" constituted error without prejudice, as the jury could not have been misled by the use of these words. By the instruction complained of, the jury were told that, if they found that Clyde Bain had authority to execute the note on behalf of the partner-

ship, the note would revive respondent's claim for any wages earned by him prior to and including 1927, in so far as any claim for such wages was included in the note. Such an instruction was within the issues, and was proper for the guidance of the jury upon this question.

The issues in this action were extremely complicated, and the matter of the preparation of the involved instructions necessary to present the questions to the jury must have been of considerable difficulty. Appellants did not by their exception to the instruction call attention to the fact that the court had referred to the note as "sued on herein," but excepted to the instruction as not justified by the evidence or the facts of the case. Under all the circumstances, we are of the opinion that the instruction complained of does not constitute reversible error.

■ The court submitted to the jury two interrogatories, which they were to answer in the event that they found in favor of respondent in a sum greater than $275 and including any wages claimed by plaintiff prior to the termination of his employment during the year 1927. The two interrogatories submitted by the court read as follows:

"Did the defendant Clyde Bain have authority to execute the note?

"Did defendants D. L. Wallace or Clyde Bain, during the years 1924 to 1927, inclusive, or within three years thereafter, waive the statute of limitations?"

The jury answered each one of these interrogatories in the affirmative, and we find no error in connection with the submission of these special questions to the jury. Appellants contend that the copartnership of Wallace & Bain was a non-trading partnership, and that, defendant Clyde Bain never having acted as man-

ager of the copartnership, it should be held as matter of law that he had no authority to execute the note.

In our opinion, the evidence upon this phase of the case presented a conflict which was for the jury to determine. A verdict was returned in a sum considerably less than the amount of the note, but the amount was within the issues, and it cannot be held, as matter of law, that it was unsupported by the evidence.

This litigation, from its commencement to this time, has presented many complicated legal questions, difficult of solution. Careful examination of the record convinces us that the same is free from prejudicial error which requires reversal of the judgment appealed from, and the same is accordingly affirmed.

TOLMAN, C. J., MAIN, and MILLARD, JJ., concur.

HOLCOMB, J., (dissenting)—My conviction is that the instruction respecting "the note sued on herein" was bad, must have had a controlling influence upon the jury, and was, consequently, prejudicial. For that reason, I feel impelled to dissent.