**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESTMARK DEVELOPMENT CORPORATION, a Washington corporation; TRIZEC INVESTMENT CORPORATION, a Washington corporation,<br><br>        Plaintiffs - Appellants,<br><br>   v.<br><br>CITY OF BURIEN, a municipal corporation,<br><br>        Defendant - Appellee. | No. 09-35392<br><br>D.C. No. 2:08-cv-01727-RSM<br><br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted March 8, 2010
Seattle, Washington

Before: TASHIMA, FISHER and BERZON, Circuit Judges.

Westmark Development Corporation and Trizec Investment Corporation

(collectively, "Westmark") appeal from the district court's summary judgment in

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

favor of the City of Burien, finding that a 2005 tolling agreement did not apply to Westmark's substantive due process and equal protection claims against the City and dismissing Westmark's claims as untimely. On de novo review, we reverse and remand.

The district court erroneously concluded that the tolling agreement does not apply to Westmark's section 1983 claims against the City. Applying Washington law, we discern the meaning of the agreement "'by viewing the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties.'" *Berg v. Hudesman*, 801 P.2d 222, 228 (Wash. 1990) (quoting *Stender v. Twin City Foods, Inc.*, 510 P.2d 221, 224 (Wash. 1973) (internal quotation marks omitted)). The subject matter of the agreement is tolling. Its objective is to toll the limitations period during the pendency of the state court proceedings, an objective accomplished by the refiling language in paragraph 3. The agreement as a whole refers to *all* section 1983 defendants, including the City – not merely to the individual defendants. Exclusion of the City from numbered paragraph 4 is unremarkable given that Westmark's claims against the City were

2

filed in 1996, not on October 4, 2004.  The interpretation offered by Westmark is therefore more reasonable.

We reject the City's argument that the tolling agreement is ineffective under *Marshall-Wells Hardware Co. v. Title Guaranty & Surety Co.*, 154 P. 801, 804 (Wash. 1916) ("In order to prevent the defense of the statute of limitations by estoppel or waiver, there must have been a distinct agreement by the party sued not to interpose the defense.").  Assuming this principle covers tolling as well as waiver, the tolling agreement here constitutes "a distinct agreement."

We also reject the City's argument that the tolling agreement is inoperative because it authorizes tolling for an indefinite period of time.  *See J. A. Campbell Co. v. Holsum Baking Co.*, 130 P.2d 333, 340 (Wash. 1942).  The agreement is definite as to time because it tolls the limitations period from the voluntary dismissal of the federal action through the resolution of the state court proceedings.

The City's unopposed motion to supplement the excerpts of record, filed August 20, 2009, is GRANTED.

**REVERSED AND REMANDED.**