# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SHARI FURNSTAHL, as Guardian ad Litem for C.F., a minor child,<br><br>Appellant,<br><br>v.<br><br>JONNIE and SUE BARR, husband and wife; and PUYALLUP BASKETBALL ACADEMY,<br><br>Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | DIVISION ONE<br><br>No. 75636-2-I<br><br>PUBLISHED OPINION<br><br>FILED: December 19, 2016 |

2016 DEC 19 AM 10: 54 COURT OF APPEALS DIV I STATE OF WASHINGTON FILED

DWYER, J. — An award of attorney fees pursuant to RCW 9.68A.130 is contingent upon a fact finder's determination that the party seeking the award prevailed in an action arising from conduct constituting a violation of a provision of chapter 9.68A RCW, entitled "Sexual Exploitation of Children."

Shari Furnstahl brought this action as the guardian ad litem for her minor daughter C.F. She appeals from the trial court's ruling denying her request for an award of attorney fees pursuant to RCW 9.68A.130. After securing jury verdicts on tort claims brought on behalf of C.F., Furnstahl moved for an award of attorney fees pursuant to the cited provision. The trial court ruled that the jury's verdicts in her favor on the tort claims did not establish that Furnstahl had proved facts constituting a violation of a specific provision of chapter 9.68A RCW. Under these circumstances, the trial court properly denied the request. We affirm.

I

C.F. was a student at the Puyallup Basketball Academy (PBA), which was owned and operated by Jonnie and Sue Barr. Sometime between late 2010 and early 2011, Jonnie Barr began a series of inappropriate interactions with C.F. while she was attending the PBA. C.F. was seven years old at the time. In these interactions, Barr[1] asked C.F. to join him in a secluded place at the PBA and, when she did, he touched and kissed her while saying that he loved her and wanted to marry her. The touching by Barr included picking C.F. up off of the ground and hugging her, patting C.F.'s bottom with his hand, and placing his hand on her upper thigh near her "private area." The kissing by Barr included placing his lips on C.F.'s mouth and placing his tongue into her mouth.

One day in late 2011, Furnstahl arrived at the PBA gym and noticed Barr squeezing C.F.'s bottom while he was picking her up off of the ground in a hug. Furnstahl later spoke with her daughter about Barr's conduct, and C.F. told her mother about the incidents in which Barr had touched, kissed, and made comments to her. C.F.'s family notified the police.[2]

Furnstahl was appointed as guardian ad litem for C.F. and commenced this lawsuit against Jonnie Barr, Sue Barr, and the PBA (collectively the Defendants). Her amended complaint alleged causes of action for assault, battery, negligence, intentional infliction of emotional distress, false

---

[1] Although Jonnie and Sue Barr share a last name, when we refer to "Barr" we are referring to Jonnie Barr.

[2] After a criminal investigation, Barr was charged in district court with assault in the fourth degree, committed with sexual motivation. The sexual motivation allegation was dismissed and Barr entered a guilty plea to assault in the fourth degree.

-2-

imprisonment, and false light invasion of privacy. In her amended complaint, Furnstahl included a prayer for relief requesting "attorneys' fees, prejudgment interest, costs and exemplary damages as may be provided by law."

At trial, the parties presented evidence concerning claims of assault, battery, negligence, intentional infliction of emotional distress, false imprisonment, false light invasion of privacy, and outrage.[3] The jury instructions were tailored to the tort theories litigated at trial. The jury's verdict form was comprised of 13 questions that were also tailored to these tort theories.

The jury returned a verdict finding for Furnstahl against Jonnie Barr on six claims, with the exception of false imprisonment, against Sue Barr on the claim of false light invasion of privacy, and against the PBA on the negligence claim. The jury found for Sue Barr and the PBA on the remaining claims.

The jury awarded $225,000 in damages to C.F. The damage award was not segregated between defendants or claims.

Thereafter, Furnstahl moved for an award of costs and reasonable attorney fees. The trial court granted Furnstahl's request for an award of costs and a statutory attorney fee pursuant to RCW 4.84.010, .030 and .080.[4]

In addition, Furnstahl requested an award of reasonable attorney fees pursuant to RCW 9.68A.130, the cost and attorney fees provision of the "Sexual

---

[3] Although this cause of action was not pleaded in Furnstahl's amended complaint, her claim of outrage was submitted to the jury.

[4] RCW 4.84.010 establishes a nonexhaustive list of the costs allowed to a prevailing party incurred as a result of litigation. RCW 4.84.030 establishes a prevailing party's entitlement to an award of costs and disbursements pertaining to an action in the superior court. RCW 4.84.080 establishes a $200 statutory attorney fee, awarded to a prevailing party in actions wherein judgment is rendered.

Exploitation of Children Act" (SECA), codified at chapter 9.68A RCW. The applicability of SECA had not before been raised in this litigation. The Defendants opposed this request, contending that the statute required that the fact finder determine whether a violation of a specific provision of chapter 9.68A RCW was proved and noting that, in this case, that question was never raised, argued, or submitted to the jury for consideration. Furnstahl responded that the entitlement to such an award of attorney fees should be determined by the trial court after the jury's verdicts.

The trial court ruled that the jury, as fact finder, was responsible for making the determination required by statute. It then denied the request, concluding that the verdicts in Furnstahl's favor on the tort claims submitted to the jury did not establish that the jury had found facts proved that constituted a violation of a specific provision of chapter 9.68A RCW.

Furnstahl appeals from this ruling.

II

Furnstahl contends that the trial court erred by denying her motion for an award of attorney fees pursuant to RCW 9.68A.130. This is so, Furnstahl contends, because C.F. prevailed in a case concerning sexual abuse of a child. But the statute is not so general. Instead, it requires that a violation of a specific provision of chapter 9.68A RCW be established. And it is the jury, as fact finder, who must make that determination. Given the trial court's conclusion that the jury verdicts in Furnstahl's favor on the tort claims submitted to the jury did not

establish that the jury had found facts proved that constituted a violation of a specific provision of chapter 9.68A RCW, the trial court ruled correctly.

A

Furnstahl asserts that RCW 9.68A.130 is a "simple, one-sentence provision ensuring those who are subjected to childhood sexual abuse and who later prevail at trial on civil claims for such misconduct, are entitled to recover associated costs." Br. of Appellant at 18. In fact, the statue is neither so simple nor so broad.[5]

No appellate opinion has previously specifically discussed the requirements of RCW 9.68A.130.[6] The provision reads: "A minor prevailing in a civil action arising from violation of this chapter is entitled to recover the costs of the suit, including an award of reasonable attorneys' fees." The plain meaning of this language is that a minor is entitled to recover an award of costs and attorney fees when the minor prevails in a civil action arising from an act or acts constituting a violation of a specific provision of chapter 9.68A RCW.

Chapter 9.68A RCW establishes the crimes of sexually exploiting a minor, RCW 9.68A.040; possessing, dealing in, sending, bringing into the state, or viewing child pornography, RCW 9.68A.050-075; communicating with a minor for

---

[5] Whether a statute authorizes an award of attorney fees is a question of law that is reviewed de novo. Niccum v. Enquist, 175 Wn.2d 441, 446, 286 P.3d 966 (2012).

[6] We conducted a limited discussion of RCW 9.68A.130 in Kuhn v. Schnall, 155 Wn. App. 560, 228 P.3d 828 (2010).

Furnstahl cites to three federal district court decisions referencing RCW 9.68A.130. However, none of these cases directly address the issues before us. Instead, each merely references the possibility of accepting briefing on the matter at a later time. They are unhelpful to our analysis. See Boy 7 v. Boy Scouts of Am., 2011 WL 2415768, at *4 (E.D. Wash. 2011); Boy 1 v. Boy Scouts of Am., 832 F. Supp. 2d 1282, 1292 (W.D. Wash. 2011); J.C. v. Soc'y of Jesus, 457 F. Supp. 2d 1201, 1205 (W.D. Wash. 2006).

immoral purposes, RCW 9.68A.090; promoting or permitting child prostitution, RCW 9.68A.100-103; and allowing a minor on the premises of a live erotic performance, RCW 9.68A.150.[7]

The text of RCW 9.68A.130 expressly references "violation of *this* chapter." (Emphasis added.) While it is true that chapter 9.68A RCW contains several provisions that set forth crimes against children, it is also true that other provisions of the Revised Code of Washington also make criminal the sexual abuse of children.[8] Violations of these latter provisions are not referenced in RCW 9.68A.130 and are, therefore, not encompassed within its embrace.

Thus, Furnstahl's argument that RCW 9.68A.130 entitles any plaintiff who prevails in a case arising from *any* type of sexual abuse or assault against a minor to an award of attorney fees is not supported by the wording of the statute itself. Rather, to establish an entitlement to an award of attorney fees pursuant to RCW 9.68A.130, the plaintiff must first establish that he or she prevailed in a civil action arising from an act or acts constituting a violation of a specific provision of chapter 9.68A RCW.

B

Furnstahl next asserts that, when the case is tried to a jury, the determination of whether a violation of a specific provision of chapter 9.68A RCW

---

[7] Chapter 9.68A RCW also addresses a variety of procedural matters not pertinent to the resolution of this appeal.

[8] For instance, see generally chapter 9A.44 RCW (setting forth RCW 9A.44.073, .076, .079 (rape of a child in the first, second, and third degree); RCW 9A.44.083, .086, .089 (child molestation in the first, second, and third degree); RCW 9A.44.093, .096 (sexual misconduct with a minor in the first and second degree)).

has been proved is to be decided—as a factual matter—by the trial court, rather than by the jury. Furnstahl is wrong.

"Except in cases which fall peculiarly within equitable jurisdiction, or where remedies and defenses are made available by statute without a jury, the right of trial by jury shall be inviolate. Const., art. 1, § 21." Cox v. Charles Wright Acad., 70 Wn.2d 173, 176, 422 P.2d 515 (1967). "'The term "inviolate" connotes deserving of the highest protection' and 'indicates that the right must remain the essential component of our legal system that it has always been.'" Davis v. Cox, 183 Wn. 2d 269, 288-89, 351 P.3d 862 (2015) (quoting Sofie v. Fibreboard Corp., 112 Wn.2d 636, 656, 771 P.2d 711, 780 P.2d 260 (1989)). "Where the question is doubtful, the right to a jury trial is always preserved." Bain v. Wallace, 167 Wash. 583, 587, 10 P.2d 226 (1932).

"At its core, the right of trial by jury guarantees litigants the right to have a jury resolve questions of disputed material facts." Davis, 183 Wn.2d at 289.

> [T]he province of the court—the trial judge—is to determine and decide questions of law presented at the trial and to state the law to the jury, while the province of the jury is to determine the facts of the case from the evidence adduced, in accordance with the instructions given by the court.

Hastings v. Dep't of Labor & Indus., 24 Wn.2d 1, 13, 163 P.2d 142 (1945). Such was the law of Washington at the time of our constitutional convention. Johnson v. Goodtime, 1 Wash. Terr. 484, 485 (1875).

Pursuant to RCW 9.68A.130, a minor is entitled to an award of attorney fees when he or she prevails in a civil action arising from a violation of a specific provision of chapter 9.68A RCW. Thus, the core determination is whether the

prevailing party established the predicate for entitlement—that an act or acts constituting a violation of a specific provision of chapter 9.68A RCW was proved. Therefore, fact-finding is necessary to determine whether such a violation was proved.

Furnstahl asserts that the trial judge, not the jury, must determine, after the jury's verdict, whether the requesting party established the predicate for an entitlement to an award of attorney fees. This amounts to a request that the trial judge either independently conduct fact-finding upon the testimony and evidence admitted at trial or, alternatively, conduct another fact-finding proceeding after the jury verdict, in which the judge acts as the finder of fact. Neither can be so.

Rather, in keeping with the principles enshrined in Washington's Constitution, in a jury trial, it is the jury who must declare the facts found to be proved. Our discussion in Kuhn v. Schnall, 155 Wn. App. 560, 228 P.3d 828 (2010), is instructive. In Kuhn, we noted that the trial court allowed the plaintiffs to amend their complaint "to assert claims for attorney fees under RCW 9.68A.130 based on allegations that Schnall had communicated for immoral purposes with the patient-plaintiffs while they were minors, in violation of RCW 9.68A.090." 155 Wn. App. at 565. The trial court then ordered that the deliberative phase of the trial be bifurcated. Kuhn, 155 Wn. App. at 565. This resulted in two stages of jury deliberation. First, the jury reached verdicts on the tort claims (negligence, battery, outrage, negligent infliction of emotional distress). Kuhn, 155 Wn. App. at 565. After the verdicts were rendered, counsel gave closing argument on the question of whether a violation of RCW 9.68A.090

(communication with a minor for immoral purposes) was proved. Kuhn, 155 Wn. App. at 566. Even though the jury had returned verdicts in favor of the plaintiffs on a number of their tort claims, it returned a verdict finding that no such unlawful communications were proved. Kuhn, 155 Wn. App. at 567. While a bifurcated procedure is not mandated, this fact-finding approach is in line with a proper understanding of the province of the jury and the requirements of RCW 9.68A.130.

Indeed, the Kuhn jury's decisions illustrate the danger of the fact-finding approach advocated by Barr. During the Kuhn trial, much evidence was adduced of defendant Schnall's inappropriate sexual conduct with several minors. The jury found for the minors on several of their tort claims. However, the jury declared, by its verdict, that the evidence it had credited in finding for the plaintiffs on the tort claims did not also support a finding that Schnall had communicated with the minors for immoral purposes.

Only the trial jury, through its verdict, could accurately make such a declaration. Had the trial judge been charged with rendering the fact-finding decision, it is entirely possible that the judge might have found the crucial facts at variance with the jury's determination. Such a finding by the trial judge would have then failed to correctly answer the key question: Did the minors prevail in their civil action (the tort claims) based on facts that also established a violation of a provision of chapter 9.68A RCW? In Kuhn, they did not. But we can be sure of this only because it was the jury (and not the judge) who declared it to be so.

Because only the jury can declare whether the facts it credited in rendering a verdict for the plaintiff on a civil cause of action also established a violation of a specific provision of chapter 9.68A RCW, whether the prevailing party proved that the opposing party engaged in an act or acts constituting a violation of chapter 9.68A RCW is a question of fact that must be determined by the jury.[9]

C

Furnstahl next asserts that the trial court erred by resorting solely to an examination of the jury's verdicts in ruling on her motion for an award of attorney fees pursuant to RCW 9.68A.130. We disagree.

At trial, Furnstahl litigated seven tort causes of action: assault, battery, negligence, intentional infliction of emotional distress, false light invasion of privacy, false imprisonment, and outrage. The jury instructions issued for these causes of action were typical instructions for each. The verdict form was comprised of 13 questions asking the jury to reach a determination regarding these seven claims. The jury verdict in favor of Furnstahl found against Jonnie Barr on six of the seven tort causes of action, Sue Barr on one of the tort causes of action, and the PBA on another.

In response to Furnstahl's postverdict request for an award of attorney fees pursuant to RCW 9.68A.130, the trial court stated:

_____

[9] Furnstahl relies on CR 54(d) in claimed support of her attempt to categorize her request for an award of attorney fees pursuant to RCW 9.68A.130 as merely a procedural request made after she prevailed in her action. However, in order to request an award of attorney fees pursuant to CR 54(d), Furnstahl first needed to establish that she had an _underlying right_ for the trial court to grant her request. As discussed herein, Furnstahl did not do so.

Plaintiff did not sue or assert claims under Chapter RCW 9.68A. Plaintiff sued under different theories, but there was no assertion of a claim under 9.68A.

The jury found against Mr. Barr on a number of claims, including civil assault and civil battery. So even if suing under Chapter RCW 9.68A is not a prerequisite of recovery of attorney's fees under RCW 9.68A.130, there were no specific findings by the jury as to the factual basis for the jury's verdict. . . .

The jury instructions were general. There was no requested jury instruction on an [SECA] violation or request for inclusion of questions on a specific verdict form that asks the jury to consider an [SECA] violation.

So the plaintiff is now asking the Court to interpret the special verdict form or speculate as to the factual basis for the jury's verdict, and this Court is not going to do that. The jury in this case was the trier of fact.

The trial court's reasoning was sound. No part of the jury verdict in favor of Furnstahl on any tort claim was necessarily based on facts having been proved that established a violation of a specific provision of chapter 9.68A RCW. Accordingly, Furnstahl failed to establish the statutorily required factual predicate authorizing an award of attorney fees pursuant to RCW 9.68A.130.[10]

Affirmed.

We concur:

_____

_____                        _____

---

[10] Because Furnstahl is not a prevailing party, her request for an award of costs and attorney fees on appeal is denied.